## GRANT v. CROW.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. Where it does not appear that a motion was made in the court below for a trial upon written evidence, and where the abstract fails to show that it contains all the evidence, the appellant is not entitled to a trial *de novo* in the Supreme Court.

2. **Trespass:** LAND IN COMMON: INJUNCTION. When a lane runs between and embraces part of the land of adjoining owners, one of the owners cannot entirely fence up the lane, but may only build upon his own land, and if he attempts to build upon the land of the other owner he may be restrained by injunction.

*Appeal from Lee District Court.*

WEDNESDAY, MARCH 20.

THE plaintiff and defendant are owners of adjoining lands, and the plaintiff claims that for many years there was kept and maintained along the line between their lands a lane which was used in common. The lane was afterward closed for a portion of its length, but the plaintiff claims that it was then agreed the residue thereof should be kept open. This agreement is denied by defendant.

The plaintiff desired to have the lane kept open, and defendant desired to have it closed. Difficulties, suits and altercations arose between them relating thereto. The defendant erected a fence across the lane, which the plaintiff more than once tore down. Finally this action was brought, the nature and object of which is to enjoin the defendant from erecting a fence which had the effect to close the lane. At the final hearing the injunction was made perpetual, and defendant appeals.

*Gibson Brown*, for appellant.

*Craig & Collier*, for appellee.

SEEVERS, J.—This cause is not triable *de novo* in this court, because no motion was made in the court below for a trial there on written evidence, and for the further rea-son there is no certificate of the judge that the abstract contains all the evidence, and the abstract fails to state that all the evidence is contained therein. In thus stating we are governed by the amended abstract, as is the established rule when there is no denial of its correctness. Therefore, there can only be a trial in this court on such errors as are duly assigned.

*1. PRACTICE in the supreme court: trial de novo.*

The 1st, 2d and 5th errors challenge the correctness of the judgment or decree, and substantially assert that the evidence was not sufficient to warrant the decree. There being no suffi-cient showing that all the evidence is before us, we are unable to say whether these errors are well taken or not.

The 4th error assigned, in the view we take of the case, is re-garded as wholly immaterial. This leaves only the 3d undis-posed of, under which, whether strictly applicable or not, we will discuss what we understand to be the merits of this case, to such an extent as the record enables us to do.

The lane, as we understand, at one time existed as a fact, and was partly closed by consent or agreement. A part of the land occupied by the lane belonged to the plaintiff, and it ran north and south. At the time this ac-tion was commenced the plaintiff's fence was on her land, and from ten to twenty feet west of the line. The fence erected by the defendant and torn down by the plaintiff, and the erection and maintenance of which was enjoined by the court below, extended from east to west across the lane, and for from ten to twenty feet was on the land of the plaintiff.

*2. TRESPASS: lane in com-mon: injunc-tion.*

. We know of no statutory authority giving the defendant a right to erect and maintain a fence on the plaintiff's land, and certainly none such existed at common law. The erection of such a fence is a trespass, and that the commission of a tres-

pass may be enjoined we regard as settled. In the state of the record we are unable to determine whether such a case has been proved or not. Without doubt, however, the District Court so believed.

The plaintiff had the undoubted right, if she chose, to fence off her own land in strips twenty feet wide. But in so doing she could not ignore the rights of the defendant as an adjoining land owner, and, therefore, might be liable to contribute to the erection of a partition fence. Whether she was so liable in this case we deem wholly immaterial. If she was this would not authorize the defendant to erect a fence on her land. He should have pursued the method provided by statute for the determination of the rights and liabilities of the parties. Instead of this he saw fit to trespass on the lands of his neighbor, the direct tendency of which was to foment breaches of the peace, and if permitted to continue might have ended in blood being shed. He was, therefore, properly enjoined.

AFFIRMED.