THE STATE OF KANSAS v. ALEXANDER COLE.

1. OBJECTION TO TESTIMONY, *Should be Specific.* An objection, to be available, should run to the specific testimony alone which is objectionable; and where it runs to testimony some of which is competent, and some incompetent, an overruling of the objection will seldom, if ever, be adjudged error.

2. TESTIMONY OF AN ACCOMPLICE, *When Admissible.* While declarations of an accomplice, made after the consummation of a crime, as to the manner of its commission, are hearsay and inadmissible, yet it is competent to show his acts, with accompanying and qualifying statements, pending and in aid of the commission of the offense, or in disclosing the place and person where and upon whom the offense was committed.

*Appeal from Wilson District Court.*

AT the February Term, 1879, of the district court, *Alexexander Cole* was tried for the crime of grand larceny, found guilty thereof as charged, and sentenced accordingly. From such sentence and judgment he now appeals to this court. The facts appear in the opinion.

*S. S. Kirkpatrick & Bro.,* for appellant.

*T. J. Hudson,* for The State.

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted, in the district court of Wilson county, of the crime·of grand larceny, and from such conviction appeals to this court. The larceny was of a horse. An accomplice turned state's evidence. In support of his testimony, an officer testified that this accomplice told him where defendant's camp was to be found, and guided him thereto; also, informed him from what place, a town in Missouri, the horse had been taken, guided him thereto, and disclosed the owner. When the officer commenced his testimony, the defendant objected to any evidence of "the acts or declarations" of this accomplice, which objection was overruled; and after he had finished, defendant moved to strike out all the "testimony relating to the acts and declarations" of such accomplice, which motion was also overruled. This ruling is the error alleged. Conceding that pending the commission of an offense the acts and declarations of either party engaged therein are competent evidence against the other, counsel insist that when the offense is consummated the declarations of neither party as to what had previously been done are admissible against the other; such testimony is mere hearsay. Doubtless this proposition is true; but the record does not show that the district court ruled to the contrary. Neither objection nor motion ran to declarations concerning past transactions alone. They were general to all acts and declarations. Now many acts and many declarations

were proper matters of proof. Evidence that the accomplice had possession of the horse, that he offered it for sale, that he sold it, that he led the officer to the place and person whence and from whom the animal had been taken, was all competent, as well as his declarations accompanying and explanatory of these acts. This was but part of the *res gestœ,* or matter showing knowledge of and connection with the crime on the part of the accomplice. What he did in carrying out the crime, and what he said accompanying and explaining such acts, was clearly admissible, and an objection which covered all such matters was properly overruled. An objection, to be available, should generally run to the specific matter alone, which is objectionable, and is not good when it runs to matters, some competent and some incompetent. Thus, in an action by an administrator, the opposing party may not testify as to transactions had personally with the administrator's intestate. As to other matters he is a competent witness. An objection to his testifying at all in the case, would properly be overruled, because some of his testimony might be competent, and the court is not to presume that he will give incompetent testimony. To render the ruling of the court erroneous, the objection should be made specifically to evidence of transactions with the intestate. So here, no objection or motion was made which ran alone to objectionable testimony, and therefore the court committed no error in its ruling. Nor in this case is this a mere technical ruling. For of the testimony actually given by the witness, there is but a single statement or two that was not clearly competent: as where he testifies that the accomplice told him that defendant sent him into town to sell the horse. This might be considered a statement of a past transaction; but in view of the other testimony in the case, this seems but of trifling importance, and as the ruling of the court was technically correct, we think we should not be warranted in disturbing the conviction on this ground.

So far as the form of the judgment is concerned, we do not see that any substantial rights of the defendant are prejudiced

thereby. No other questions being presented, the judgment will be affirmed.

All the Justices concurring.