Cross v. The B. & S. W. R. Co.

CROSS v. THE B. & S. W. R. Co. ET AL.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. Where an equitable action is not tried below in such manner as to entitle either party to a trial *de novo*, the appellant has the right to be heard on appeal on exceptions and errors duly assigned.

2. ————: AMENDED ABSTRACT. When the appellee has filed an amended abstract, correcting the abstract in certain particulars, he will not be permitted to maintain that all the evidence is not before the court.

*Appeal from Van Buren Circuit Court.*

WEDNESDAY, OCTOBER 8.

ACTION in equity. The petition states that the plaintiff was the owner of an interest in certain described real estate, and also certain grades, embankments, earth-works and other improvements in the nature of a road-bed and right of way for a railroad situated in Van Buren county, Iowa, and used by the Burlington & Southwestern Railway Company for its road; that he "sold his interest in said lands to defendant Burlington & Southwestern Railway Company for the sum of one thousand three hundred dollars, for which said company gave their notes for eight hundred dollars, and paid the balance, five hundred dollars, in cash;" that said eight hundred dollars are still unpaid, as will appear by copies of notes annexed as exhibits "A" and "B;" that said company, in pursuance of said sale, took possession of said premises, and constructed its road thereon, and now occupies the same, and that E. B. Ward leased the road and agreed to pay its debts.

John W. Brooks and Alpheus Hardy, by an amendment to the petition, were made defendants, and it was stated they claimed to be lien holders, but that whatever lien they may have is junior to that of plaintiff. The relief asked was that a vendor's lien be established on said premises for the amount due on said notes. The railway company in its answer denied plaintiff was entitled to a vendor's lien, and denied he had

any lien, title or interest in the lands described in the petition, or that any portion of the same was sold by plaintiff to said company; alleges that whatever interest said company obtained to said lands it acquired by purchase of or consolidation with the Iowa & Missouri State Line Railway Company, and in consideration thereof assumed to pay certain liabilities of said State Line Company, in which the plaintiff was a stockholder.

Brooks and Hardy insisted in their answer they were entitled to the prior lien by reason of the execution to them of a deed of trust or mortgage.

The reply denied the allegations of the answers, and alleged the said trust deed had been declared void by a court of competent jurisdiction. Judgment was rendered against the railway company for the amount due on the notes in 1874, and the issue as to the vendor's lien was continued from term to term until October, 1877, when a decree in substantial accord with the relief asked was granted. The defendants appeal.

*P. Henry Smyth,* for appellants.

*D. C. Beaman,* for appellee.

SEEVERS, J.—I. It is objected by the appellee that there cannot be a trial *de novo*, because no motion was made below for a trial on written evidence, nor did the court order there should be such a trial. In this we concur. There was no objection made to the introduction of evidence, and the only exception taken was to the decree. In substance it is assigned as error that there was no evidence warranting the establishment of a vendor's lien. The appellee objects that an equity cause cannot be heard in this court on error, but must be tried *de novo*, or not at all. In support of this, article 5, § 4 of the Constitution, and *Sherwood v. Sherwood,* 44 Iowa, 192, are cited.

If an action has been tried below as prescribed by statute for the trial of equitable actions, then both parties have a

*Marginal note:* 1. PRACTICE in the supreme court: trial de novo.

constitutional right to a trial *de novo* in this court. It is, however, competent for the General Assembly to prescribe and regulate the manner causes shall be tried. *Richards v. Hintrager*, 45 Iowa, 253.

As this cause was not tried below in such manner as to entitle either party to a trial anew here, the appellant has the right to be heard on exceptions and errors duly assigned; for certain it is, if the trial in the Circuit Court was not in accord with the manner prescribed by statute for the trial of equitable actions, that the trial must have been at law. *Grant v. Crow*, 47 Iowa, 632.

II. It is objected by the appellee that all the evidence is not before us; that there was no finding of facts, and all the pleadings are not in the abstract. It is said that copies of the notes annexed to and made a part of the petition are not in the abstract. Judgment had been rendered on the notes more than three years preceding the hearing below, and no appeal taken therefrom. The only contest was as to whether the judgment so rendered should be established as a vendor's lien against the railway company, and given priority to the lien claimed by Brooks and Hardy. These questions could not possibly be affected by the provisions of the notes. It is not even claimed such would be the case. It, therefore, affirmatively appears the omission could not have any bearing on the question to be determined. But as to this, and the point that all the evidence is not in the abstract, we have to say that an amended abstract has been filed which purports to contain certain omitted evidence, and the result of certain other evidence. For instance, the abstract states that a printed pamphlet, purporting to contain the record of a certain suit and decree therein, rendered in the District Court of Davis county, in which suit E. B. Ward was plaintiff and the railway company was defendant, is omitted, as being immaterial as to the questions to be determined on this appeal.

The amended abstract states in substance that said pam-

phlet contained ninety-six pages, and the same was annexed to and made a part of the reply; that said exhibit showed the "mortgage Brooks and Hardy were seeking to maintain was declared null and void against the prior indebtedness of the railway company, among which was the debt of the plaintiff." It is perfectly clear from the reply that the omitted exhibit had no bearing whatever on the issue between the railway company and the plaintiff. If the latter is not entitled to a vendor's lien against the former, the issue as to Brooks and Hardy is immaterial.

It is further insisted only a portion of defendant's articles of incorporation are contained in the abstract, which were admitted in evidence. The abstract states that all the evidence is contained therein. The amended abstract denies the correctness of the abstract in certain particulars, and as to these additional evidence is set out without claiming that with such additions the abstracts, taken together, are not full and complete. The objections, therefore, made in argument as to the completeness of the abstract are unavailing. *Starr v. Burlington*, 45 Iowa, 87.

It is not deemed necessary to determine on this appeal the issue between the plaintiff and Brooks and Hardy. No issue was found as to Ward, nor was any judgment rendered for or against him.

III. The remaining question is as to whether there was any evidence tending to sustain the allegations of the petition upon which the plaintiff's right to a vendor's lien is based. It is therein stated the plaintiff "sold his interest in the said lands to defendant Burlington & Southwestern Railway Company." The evidence utterly fails to sustain this allegation. The plaintiff testified that he was a "stockholder in the Iowa & Missouri State Line Railroad Company, which company owned the right of way across these lands; they had partially constructed a road-bed and earth-works for a railroad thereon; I sold my interest in the land to the Iowa & Missouri State Line Railroad Company, of which I was a director." So far

from establishing a sale by the plaintiff to the defendant company the evidence conclusively shows no such sale was made. The Circuit Court seems to have proceeded on the theory that the State Line Company made the sale to the defendant company, and would, therefore, be entitled to a lien, and that such lien would pass to the plaintiff as an "incident of the debt," as payment was to be made to the plaintiff. The difficulty here is that no such claim is made in the petition, a fact which we presume was overlooked by the learned judge of the Circuit Court. Whether the State Line Company would have been, or the plaintiff is, entitled to a lien we do not determine; such questions, under the pleadings, not being in the case.

The cause will be remanded to the Circuit Court with directions to permit the parties to replead and take additional evidence if they are so advised.

REVERSED.