· LEWIS D. WEBSTER v. JOHN K. COOKE.

INDIAN LANDS; *Jurisdiction of State Courts; Injunction.* One G. was in the lawful possession and occupation as a *bona fide* settler upon a quarter-section of land in Lyon county, heretofore owned by the Kansas tribe of Indians, but ceded to the United States in trust by the treaty of November 17, 1860. Under the treaty and the acts of congress made subsequent thereto, he had the precedent right to purchase the premises. In the spring of 1879, G. made an arrangement with one L. to permit the latter's flocks of sheep to run upon the land, and graze upon the wild grass growing thereon. C., a mere trespasser, and insolvent, took possession of the house and improvements of G. by force and violence, and is continually interfering with L.'s flocks, by setting his dogs on the sheep whenever they come near the land, and otherwise preventing them from grazing on the premises. *Held*, The state courts have jurisdiction; and further, *held*, that to avoid a multiplicity of suits, and to give adequate protection to the property of L., equity will interfere, and offer relief by injunction.

. *Error from Lyon District Court.*

ACTION brought by *Webster* against *Cooke*, to enjoin the latter from interfering with the plaintiff's flocks of sheep, in grazing upon certain land in Lyon county. May 5, 1879, a temporary injunction was granted the plaintiff by the probate judge of said county, the judge of the district court being absent therefrom. July 24, 1879, the judge of the district court, at chambers, dissolved the injunction. The plaintiff excepted, and brings the case here. The facts are fully stated in the opinion.

*Scott & Lynn,* for plaintiff in error.

*Johnston & Bertram,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The purpose of this suit was to restrain the defendant in error from interfering with the flocks of the plaintiff in error in grazing on the wild grass growing on certain land in Lyon county. The petition alleges that the plaintiff is now, and for a long time past has been, engaged

in sheep raising on his farm and sheep-ranch, very near the real estate herein described; that for the purpose of his business it is necessary to have the use and occupation, for grazing purposes, of a large tract of land adjoining and in the immediate vicinity of his said ranch; that among his flocks of sheep he has about eight hundred ewes with lambs at their sides, or such as will bring forth young ones within the present and next two months; that it is of the very highest necessity and importance, in order to succeed in raising the lambs that this plaintiff have range and grazing lands in the immediate vicinity of his ranch, so that the lambs can follow their dams while grazing, and that those which are now continually being brought forth may be nursed and taken care of, which cannot be done without irreparable loss and damage, if said ewes and lambs are driven to a great distance from the ranch; that in order to provide against such contingencies, this plaintiff leased of parties, and procured the permission of others in the immediate neighborhood of his ranch, the use of certain lands adjoining and near his said ranch for the purpose aforesaid, and among the lands the right to the possession and use of which this plaintiff has secured from the parties entitled thereto by law, is the southwest quarter of section six (6), township seventeen (17), and range ten (10), in said Lyon county, state of Kansas, from George Webster, the son of this plaintiff, for the period of one or more years — the said quarter-section being a part of what is known as the "Kaw reserved lands," which, pursuant to a treaty of the United States with the Kaw Indians, and an act of congress of the United States, were opened to settlement and improvement by settlers thereon, and have been appraised in the name of such settlers and awarded thereto, each of whom has the right of purchasing the lands occupied and improved by him or her; that said quarter-section of land has been duly entered under the provisions of said treaty and act of congress, and has been occupied and improved by said George Webster, in all respects in accordance with said act of congress; that the same has been appraised in the name of George Webster, and the right

to purchase the same under the law and treaty duly awarded to him; that the said George Webster has made large and valuable improvements on the land, having built thereon a dwelling house, and broken a large amount of land, to wit, about twelve acres; that said defendant, without leave or license from anyone whomsoever, unlawfully and forcibly entered upon said quarter-section of land, and took possession of said house and improvements, and with deadly weapons and pistols refuses to allow said George Webster to enter upon said quarter-section in person or to drive this plaintiff's flocks thereon or across, or plow or work on said quarter-section or any part thereof, and that the consequence is that the plaintiff is compelled, in order to avoid great bodily harm to himself, his servants, and his said sheep, to drive them in a roundabout way a distance of two miles to find grazing privileges, the other lands in the neighborhood being in the use and occupation of actual *bona fide* settlers, and from whom said plaintiff cannot lease the same except at very great sacrifice; that although said quarter-section is unfenced, said defendant sets his dogs on said plaintiff's sheep whenever they come near said quarter-section; that this plaintiff has no remedy at law against said defendant which will be speedy enough to prevent an irreparable loss to his business; that at this season of the year, when his flocks are weak and the ewes are dropping their lambs on the prairie, to be deprived of the use of said quarter-section for grazing his sheep cannot be fairly estimated in damages; that said defendant is insolvent, and while this plaintiff is willing to submit his case to the proper tribunal to adjudicate upon the rights of this plaintiff and said defendant, and is willing to allow said defendant to quietly and peaceably occupy said house and lands until their rights may be determined, he claims the same privilege from the defendant; and in order to compel the defendant to keep the peace and allow the plaintiff the right of grazing on said premises, and inasmuch as said defendant has nothing on said premises that this plaintiff can injure by grazing on the

Webster v. Cooke.

prairie grass thereon, he asks for an injunction. The peti-
tion closes with the usual prayer for relief.

On the 5th day of May, 1879, upon due notice and a full
hearing, an injunction was temporarily granted by the pro-
bate judge, the judge of the district court being absent from
the county. The defendant, without controverting the state-
ments of the petition, on July 24th, 1879, appeared and moved
the judge of the district court at chambers to dissolve the in-
junction. The motion was sustained, on the ground that the
petition did not state facts sufficient to warrant the granting
of a temporary injunction. The plaintiff excepted, and brings
the case here.

The general rule is, that where the injury complained of
is in its nature a continuing one, if the defendant persists in
inflicting the injury, and an action for damages would be
wholly inadequate for the protection of the plaintiff's rights,
equity will interfere and afford relief by injunction. "The
jurisdiction rests on the firm and satisfactory ground of its
necessity to avoid a ruinous multiplicity of suits, and to give
adequate protection to the plaintiff's property. (*Walker v.
Armstrong*, 2 Kas. 198; High on Inj. 263, §§ 474, 475.)

As the petition alleges the insolvency of the defendant,
and thereby his inability to respond in damages, additional
ground for equitable interference is shown. Upon the face
of the petition, therefore, there can be no doubt of the power
of a court of equity to interpose in behalf of the plaintiff,
provided the court has jurisdiction of the subject-matter. No
brief or argument has been presented us by the defendant,
and we are in the dark for the specific reason of the dissolu-
tion of the preliminary injunction. Counsel for plaintiff as-
sert the district judge held that the state courts did not have
jurisdiction. If such was the ruling, we think it was erro-
neous. The land upon which plaintiff claims the right to feed
his flocks is a portion of the lands heretofore owned by the
Kansas tribe of Indians, and which were ceded to the United
States in trust by the treaty of November 17th, 1860. Un-
der the provisions of the acts of congress of May 8th, 1872,

and July 5th, 1876, (17 U. S. Stat. at Large, p. 85,) and first session laws of 44th congress, 1875-6, p. 75, these lands were open to occupation, settlement and purchase, the *bona fide* settlers, duly reported by the commissioners appointed to make the appraisement, having the precedence of purchase. The allegations in the petition show that the plaintiff claims a license and permission from George Webster; that the latter has duly entered the land under the said treaty and acts of congress; that he has occupied and improved it; that it has been appraised in his name, and the right to purchase duly awarded to him. Clearly, George Webster has the right of possession to the land and the right to the protection of such possession by the law of the land. There is no showing in the record that the defendant is contesting in the local land office or elsewhere the claim of George Webster, or that such defendant has made any application to enter or purchase the land, or that there is any dispute about title. On the other hand, the broad statement is made that the defendant unlawfully and forcibly entered upon the land and with deadly weapons prevents George Webster from going upon the land and from driving plaintiff's sheep thereon. In brief, the defendant is a naked trespasser. Under this showing, defendant has no claim, and makes no claim to either title or possession. As there is nothing within the treaty with the Kansas Indians, or the acts of congress, which forbids the courts of the state from protecting parties in possession of these trust lands under the provisions of congress, or withdraws these lands from the jurisdiction of the state courts, our courts have the power by injunction and other orders to protect *bona fide* settlers in their possession of them, so far as such possession is authorized and recognized by the acts of congress. If persons have even a mere license from the government to go upon public lands, their right is paramount to that of a mere trespasser, and such right is entitled to be upheld. George Webster has not only the license of the government to enter upon the land, but he has its permission to occupy and improve it, and the further right to become the

41—23 KAS.

owner in fee simple, upon the payment of certain sums of money. The lawful possession of George Webster gave to the plaintiff, under the arrangement pleaded, the right to graze his flocks on the land, and defendant had no authority to interfere.

The preliminary injunction was rightfully granted, and its dissolution, an error.

The order of the district court will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

All the Justices concurring.