MICHAEL SWORD V. MARY E. ALLEN.

1. INJUNCTION, *Sustained.*   Where A. owned a flouring mill, appurtenant
   to which was a mill-dam, which furnished all the power to operate the
   mill, and S., who was wholly insolvent and unable to respond in dam-
   ages, claimed to own the mill-dam, although in fact he did not own it,
   and although in fact there had previously been an adjudication against
   his rights thereto, and claiming to own it, he threatened to tear it down
   and to destroy it, *held,* that A. may maintain an action against S. to per-
   petually enjoin him from ever interfering with or injuring the mill-dam,
   and that the action is not an action for an injunction to restrain a mere,
   naked, simple trespass, for which another adequate remedy exists.

2. ———— And further, *held,* in such a case, that the defendant is not en-
   titled to a jury trial as a matter of right.

*Error from Greenwood District Court.*

INJUNCTION, brought by *Allen* against *Sword.*   Trial at the
October Term, 1879, of the district court, and judgment for
the plaintiff.   *Sword* brings the case to this court.   The opinion
states the facts.

*T. J. Hudson,* for plaintiff in error.

*Clogston & Martin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Mary E.
Allen against Michael Sword, to perpetually enjoin the de-
fendant from destroying or injuring or in any manner inter-
fering with a certain mill-dam.   Judgment was rendered in
the court below in favor of the plaintiff and against the de-
fendant; and the defendant now seeks a reversal of such judg-
ment by petition in error in this court.   He presents two
principal questions in this court: First, Was the petition of
the plaintiff below sufficient?   Second, Was the defendant
below entitled to a jury trial?   We shall discuss these ques-
tions in their order.

I. It is claimed that the petition of the plaintiff below is
insufficient because it simply asks for an injunction to restrain

a mere, naked, simple trespass, for which another adequate remedy exists. Now if this were true, we suppose the petition would be insufficient. (*Gulf Rld. Co. v. Wheaton,* 7 Kas. 232.) But is it true? We think not. The plaintiff owned a flouring mill, appurtenant to which was a mill-dam, which furnished all the power to operate the mill. The defendant, who was wholly insolvent and unable to respond in damages, claimed to own the mill-dam, although in fact he did not own it, and although in fact there had previously been an adjudication against his rights thereto; and claiming to own it, he threatened to tear it down and to destroy it. This action was brought and is prosecuted simply for the purpose of perpetually enjoining the defendant from ever interfering with or injuring said mill-dam. We think the action may be maintained. Where would the plaintiff have any other adequate remedy? If the dam should be destroyed, and the plaintiff's mill stopped in consequence thereof, who could estimate the damages? What would be the rule of damages in such a case? The value of the dam would probably be only a small portion of the loss which the plaintiff would actually sustain. In addition thereto, she would lose the use of her mill, and probably many of her customers and patrons would leave her; but the plaintiff could not recover from the defendant in this case even the value of the dam, or any other sum, for the present defendant is wholly insolvent.

II. We do not think that the defendant was entitled to a jury trial, as a matter of right. This was not an action "for the recovery of money, or of specific real or personal property;" and a party is not entitled to a jury trial in any other kind of action. (Civil Code, §§ 266, 267.)

The judgment of the court below will be affirmed.

All the Justices concurring.