EDWARD LONG v. J. S. KASEBEER.

1. INJUNCTION; *Petition as Evidence.* Where the jurat to a petition sets forth that the affiant is the agent of the plaintiff; that the plaintiff is a non-resident of the state; that he (affiant) has heard read the petition, and that the several matters therein stated are true, the petition is admissible as testimony upon the hearing of an application for an order of injunction.

2. TEMPORARY INJUNCTION; *When Granted.* Where a plaintiff, who is the owner of and in the actual possession of a quarter-section of land, a part of which is inclosed and fifty acres thereof are broken and in cultivation, brings an action against a defendant, who, under some pretended claim of title, has entered upon the premises and commenced to erect a building thereon, and threatens to deprive the owner of the possession thereof, to quiet his title thereto, and the defendant is wholly irresponsible, such plaintiff may have a temporary injunction, *pendente lite,* to restrain the defendant from ousting him of the actual possession of the premises, from erecting any buildings thereon, and from any interference with the cultivation thereof.

*Error from Allen District Court.*

MARCH 7, 1882, *Kasebeer* filed his petition in the district court against *Long,* in the following words:

" 1. Plaintiff says that he is and for years has been the owner and in the actual possession of the southwest quarter of section thirty (30), township twenty-five (25), range twenty (20), in Allen county, Kansas, and that the same is partially inclosed, and about fifty acres thereof broken and in cultivation.

" 2. Plaintiff further says, that defendant has no interest or right whatever in or to said premises, but that he claims some interest therein adverse to plaintiff, and that a short while ago said defendant, unlawfully and against the wish of plaintiff, entered upon said premises and commenced the erection of buildings thereon, and has brought a part of his family thereon, and declares it to be his purpose to, and unless restrained forthwith, he will at once take up his permanent residence thereon and assume the management and control of all said premises and appropriate the same, and the use and occupation thereof, to himself exclusively, so as

to deprive plaintiff of all his rights of ownership in and to said lands.

"Plaintiff further says, it was and is his (plaintiff's) intention and purpose to cultivate and improve said premises, either in person or by tenant or agent, and has already made arrangements to that effect for the current year.

"Plaintiff further says, that defendant is irresponsible and not able to respond in damages for such injuries and damages as plaintiff would sustain by reason of said wrongful acts by said defendant threatened and about to be performed. Said premises are of the value of over five hundred dollars.

"Wherefore, plaintiff prays judgment that until the final hearing of this cause, the defendant be enjoined and restrained from in any manner interfering with said property, or entering upon or cultivating the same, or exercising acts of ownership over the same, as well as from in any manner interfering with plaintiff's use, occupation and control of said premises, and that upon the final hearing such injunction be made perpetual; and that plaintiff's title be quieted against the claims of said defendant; and for such other relief as equity may require."

"STATE OF KANSAS, ALLEN COUNTY, ss.—Ira H. Kasebeer being sworn, says, he is agent for said plaintiff; that said plaintiff is a non-resident of the state; that he, affiant, has heard the foregoing petition read, and that the several matters therein stated are true.        IRA H. KASEBEER.

"Sworn to before me, and subscribed in my presence, this 6th day of March, 1882.
           J. H. TOWNER, *J. P. Saline Township*."

The defendant filed his answer, denying that the plaintiff was the owner of the real estate, or ever had been such owner; denying that the plaintiff was, or ever had been, in the actual possession of the premises; denying that the plaintiff ever made any improvements thereon; and denying that the plaintiff intended to cultivate or improve the same. The defendant further alleged that he was the owner of and held the equitable title to the land, and that he was in the actual possession of the same. He asked that upon a final hearing of the case, his title be quieted against the claim of the plaintiff. On the 29th day of March, 1882, upon notice duly given, application was heard in the district court, for a temporary

injunction in favor of the plaintiff, and against the defendant. In support of the application, plaintiff offered in evidence the petition, with the verification thereto. No other evidence or proof was introduced, and thereupon the court sustained the application, and granted a temporary order of injunction enjoining and prohibiting the defendant from interfering in any manner with plaintiff's cultivation of the premises, or making improvements thereon, or harvesting the crop grown thereon. Thereupon the defendant excepted, and has brought the case here.

*C. F. Hutchings*, for plaintiff in error:

1. The verification to the petition was wholly insufficient, and should not have been received as evidence over Long's objections. (Civil Code, § 114; 15 How. Pr. 253; 2 Wait's Pr., p. 341, subdiv. *b;* 2 Estee's Pl., p. 197, subdiv. 25; 5 How. Pr. 237; 12 id. 64; 13 id. 313; 14 id. 311.)

2. All of the material allegations in the petition are mere statements of conclusions, and of a secondary nature, and should not have been received as evidence over Long's objections. An affidavit is one of the modes of getting the testimony of witnesses before the court, and must consist of "such statements of fact as would be proper in the oral testimony of a witness." (14 Kas. 463, syllabus; Code, §§ 340, 341, 344, 239; *Atchison v. Bartholow*, 4 Kas. 124; 16 id. 209, 430; 4 Wait's Pr., p. 582, and cases cited.)

Secondary evidence is no more competent in an affidavit than in a deposition, or from a witness on the stand. Take for instance the allegations in this petition as to the ownership of the land, etc.: are they not mere conclusions of law, and secondary statements of the contents of records? The record is the best evidence of the title to the land. Would a party on the witness stand be permitted to testify that he was the owner of land, and the other party had no title, especially where title was the principal question put in issue by the pleadings? If Kasebeer had produced the proper evidence of his title, would it have appeared that his only claim to the

land was a tax deed void upon its face?  Is the allegation in his petition that Long has "no interest whatever in or to said premises" merely his opinion that this void tax deed has divested Long of his patent title?  And as to the allegation that defendant "unlawfully" entered upon the premises, is the plaintiff to be allowed to decide whether the act was lawful or not?  The contents of records cannot be proved by affidavits, any more than such contents can be proved by depositions, or by witnesses upon the stand.  The only difference in the testimony obtained by affidavit, deposition, and oral examination, is the difference in the mode of getting it. (Code, §§ 340, 341, 342, 343.)

3. But if the petition be taken as absolutely true, conclusions of law and all, and the answer be disregarded, there is no case made for an injunction or any other equitable relief.  The petition does not state facts sufficient to constitute a cause of action to quiet title under § 594 of the code.  This action can only be maintained by the party in *actual* possession.  The petition and verification show that Long, not Kasebeer, is in actual possession.  The only improvements on the land (except those made by, and now in possession of Long) consist of some breaking and a fragmentary fence. It is not shown who made these improvements, and there is no pretense that Kasebeer ever had any house upon or ever actually occupied the land.  The verification shows that he is a non-resident of the state.  Imagination must be resorted to, to make out a case of *actual* possession by Kasebeer.  At all events, the petition shows that Long is in actual possession, and if the statements of conclusions of law in the petition are taken as evidence, the case is one where both parties are in actual possession.  We submit that the statutory action to quiet title will not lie unless the plaintiff has "peaceable" possession.  Where two persons claiming adversely are both in actual occupancy of land, an action to quiet title cannot be maintained by one against the other. (16 Kas. 515, 551.)

But the petition, conclusions of law and all, being taken

as true, makes a case of a simple, naked trespass, and an injunction will not be granted to restrain a mere trespass, (7 Kas. 232,) especially where the title is denied, or is in doubt, (High on Inj., §§ 458, 460; 9 Wend. 571,) and there is an adequate remedy at law, (High on Inj., § 459; 16 Cal. 202; 27 id. 363,) and there is no showing of irreparable injury, (2 Cal. 463; 13 id. 190; 8 Minn. 113; 7 Johns. Ch. 315.)

The land in this case is not shown to be either timber or mining land, but naked prairie land, with meager improvements, and the *irreparable injury* complained of is the erection of buildings and other valuable and lasting improvements, which, if the petition be true, inure to the benefit and not the destruction of the estate, and become the property of Kasebeer. If the petition be true, Kasebeer has a summary and adequate remedy at law by action against Long as a settler "without color of title," under the forcible entry and detainer statute. (Comp. Laws 1879, p. 727, § 159.)

If injunction in this case be proper, it is difficult to see why the action of forcible entry and detainer may not become obsolete, and the intruder be ejected by temporary injunction before trial and judgment in all cases. There certainly is no material allegation in the petition that may not be made in every case of alleged forcible entry upon lands. In this case the defendant by his answer asks for affirmative relief, and that his title be quieted against plaintiff's adverse claim of title. This relief can only be had if defendant is in actual possession. The court by a temporary injunction turns him out of possession, and thereby prevents him from making this defense. This is a great wrong, and ought to be remedied before the final trial of the case. Obedience to the injunction in this case undoubtedly requires Long to abandon his possession, buildings and improvements, to Kasebeer. Equity will not permit its remedies to be used to turn out one who is in possession. (1 Barb. 316; 10 Mich. 335; 45 Ga. 201; 71 N. C. 329, 463; 51 Cal. 529.) Injunctions to restrain alleged trespasses are only granted in aggravated cases,

when a strong showing of irreparable injury or destruction of the estate is made out. (8 Blackf. 378; 31 Ohio St. 420.)

*Cates & Keplinger*, for defendant in error:

The plaintiff's first assignment of error is, because of the admission of the petition-affidavit. It is alleged that the nature of affiant's agency is not stated. To state the *fact* of such an agency is a pure gratuity, and it certainly cannot be a ground of complaint because of the failure to incorporate a surplus"item in the affidavit. This is not a case of statutory verification; it is a case of a witness testifying by affidavit.

The admission of the petition-affidavit was not error, for two reasons: First, the conclusions of the affidavit are not conclusions of law, but of fact. Allegations of ownership are allegations of fact. (12 Kas. 125.) Also, these conclusions of fact are in every instance conclusions from primary facts set forth in the affidavit. For instance, the petition alleges that the premises are and for years had been in the actual possession of plaintiff; that he had the same partially inclosed and a large part in cultivation. From these facts, uncontradicted, the law implies ownership. In fact they constitute title. (*Mooney v. Olsen*, 21 Kas. 691.) The allegation of ownership is a necessary sequence of these primary facts. Second, at all events the affidavit properly states some material facts; as to those it is competent. The objection of the defendant was to the affidavit as an entirety. To have sustained the objection would have excluded proper evidence, and for that reason it would be palpable error. If defendant had objected to particular portions, the plaintiff might easily have supplied any deficiency occasioned by their exclusion. The court committed no error in overruling the exception and admitting the affidavit as an entirety; when admitted it was in effect as if it had been admitted without any exception. An invalid objection is equivalent to no objection.

Evidence consisting of pure naked conclusions of law may

be disregarded as not being evidence at all; not so where the evidence consists of conclusions of law and fact, or, as in this case, conclusions of evidence of this character, if admitted without objection, that is, without valid objection, is just as good as allegations in an unanswered petition. There was therefore in effect no objection even to objectionable portions, if such there were. The case stands precisely as it would if every allegation of fact in the petition, whether primary or of conclusions, were admitted to be true.

The plaintiff was, and for years had been, in the actual possession, and was in fact the owner of a tract of land, a large part in cultivation, nearly all inclosed. He had made arrangements to occupy and cultivate the same for the coming year. The defendant is totally irresponsible; instead of resorting to an action at law to eject plaintiff, he trusts to his superior qualities as a bulldozer. Counsel suggests an action of forcible entry as the proper and adequate remedy instead of injunction. Upon the facts stated, neither ejectment nor forcible entry would lie. Those actions will lie only where plaintiff is out of possession. Two different persons cannot be in actual and adverse possession of land at the same time. The ouster of plaintiff is not yet complete. If the court declines to assist him in maintaining his possession, it will not be until after an unsuccessful contest with defendant on his own field (that of physical force), that he will be in a condition to maintain an action of forcible entry or ejectment. Counsel refers him not to a right which he has, but rather to one which he may secure by surrendering a right he already has. He is fairly entitled to hold possession undisturbed, until all adverse claims are established by law. Defendant is in the very act of depriving him of that right by force. He invokes the aid of the court to assist him in maintaining a right which he *now* has.

We submit that one having the *status* of plaintiff below, is entitled as a matter of absolute right to the undisturbed possession of the premises until the final termination of the

litigation, without regard to the pecuniary responsibility of the defendant. The granting of a temporary injunction is largely within the discretion of the court. The court will always take into consideration the relative advantages and disadvantages which will accrue to the respective parties, in the event of the allowance or disallowance of the order.

True, as counsel suggests, if plaintiff were to surrender possession, the land would furnish an adequate remedy, so far as the recovery of it is concerned.

The principles of law applicable to this case may be briefly stated: "The old rule that an injunction could not be granted to restrain a trespass where the right was doubtful or the defendant was in possession, claiming by an adverse title, has become obsolete, and the courts will interfere in such cases where the urgency of the case demands a prompt remedy and no other remedy is obtainable. The fact that the injury is irreparable may arise either from the nature of the injury, or the want of responsibility of the person committing it; and either will furnish sufficient grounds for interference by injunction." (2 Wait, 19.)

After a full discussion of this subject, in a note to 11 American Decisions, p. 500, the author says: "It is thus seen that the ultimate ground upon which the equitable injunction in case of trespass rests is, inadequacy of legal remedies for the injury, which is the broad foundation of all remedial jurisdiction by equity. . . . To exclude equitable relief, it must appear not only that there is *some* remedy at law, but also that it is *adequate*," citing *Osborn v. U. S. Bank*, 9 Wheat. 738; *Watson v. Sutherland*, 5 Wall. 74; *Clark v. Jeffersonville Rld. Co.*, 44 Ind. 248. See also 11 Ala. 295; 5 Barb. 486; 18 Cal. 206; 38 Ga. 641; 28 N. H. 449; 45 Mo. 509.

Counsel speak of this being a substitution of injunction for forcible entry, and says it is difficult to see why the latter may not become obsolete, and the intruder be ejected by temporary injunction. Not at all. The design of injunction in this case is to stop the defendant before he succeeds in ousting the plaintiff.

*John R. Goodin,* also for defendant in error:

There was no error in granting the temporary injunction. The petition contains the necessary averments in an action to quiet title. But if not, it is good as a petition for a perpetual injunction. An injunction may be the final judgment in an action. The petition need contain no other prayer than for an injunction. (Code, § 237.)

For the purpose of the temporary order, the petition properly verified is an "affidavit" within the meaning of § 237 of the code. (4 Kas. 139.) Under the statute, the affidavit need not be made by the plaintiff. Any one knowing the facts could swear to them, whether he was "agent" for the plaintiff, or not. The person who swears to the petition in this case swears that the matters set forth "are true;" not that he *believes* them true, but that they *are* true. So it is entirely immaterial that the "nature of his agency" should be disclosed, as counsel for plaintiff in error contends. Counsel says that Kasebeer alleges in his petition "that both he and Long were in possession." Hardly so strong as that. He says he is in possession rightfully, and has been for years; that Long made a wrongful entry, committing divers trespasses and threatening complete appropriation of the premises.

Kasebeer brings suit to quiet title and for perpetual injunction. He applies for a temporary order, and submits his evidence. He procures an affidavit to be made setting up facts. Long having had previous notice of the application for the temporary order, appears, but he files no affidavit, makes no proof. Now, the *only* question for the court, as with the district judge, is this: Does the petition (which is also the "affidavit") disclose sufficient grounds for a temporary order of injunction? We are told that forcible detainer and ejectment are appropriate and adequate remedies, and that one or the other should have been resorted to by Kasebeer. But neither would avail him unless he were *out of possession.* The petition shows that he has made substantial

improvements on the land, as breaking, fencing, etc., and has reduced it to actual possession. A mere intruder, without shadow of right — for he offers *no evidence* — is attempting and threatening to do just what the rightful owner contemplates doing, *i. e.*, to assert supremacy over the land and to cultivate the same. The acts threatened to be done will, if committed, be a continuing trespass, lasting indefinitely. In such a case defendant in error should not be compelled to wait until sometime in the future, aggregate his damages, and then sue for them. A right of action accrues to him from the commission of every wrongful act upon the premises. Suppose, for each of these, Kasebeer should elect to prosecute an action at law. Here, actions would be multiplied; and a familiar ground for equitable relief by injunction, is the prevention of a multiplicity of suits. Continuing trespasses which indicate no time of termination, are clearly distinguishable from a *single* wrongful act — a *mere* trespass — speedily done, unaccompanied by peculiar injury, and which may be readily compensated in money, in an action for damages. (26 Miss. 84; 27 N. J. Eq. 364.)

But even in a mere trespass, if an action at law will not bring compensation, an injunction will lie. Two things must concur before equity will deny its jurisdiction to relieve by injunction: First, there must exist a *remedy* at law; second, this remedy must be *adequate*, else the injury is not repaired — is *irreparable*. Here, plaintiff in error is confessedly insolvent, and an effort by Kasebeer in an action at law for the redress of his injuries, would be a remedy "theoretically perfect, but practically fruitless."

It will not be contended that, in order to constitute *possession* by Kasebeer, he must actually *reside* on the land. His possession is established by fencing, improving and cultivating — all evincing an intent to make an *appropriation* of it for some purpose. These things he did before Long's trespass upon the premises; and can the wrongs committed by plaintiff in error be set up to defeat a temporary order, granted only to last during the *pendency of the litigation?* It

is true that a *perpetual* injunction, in case of disputed title to lands, will not be granted until the title of plaintiff is established, either by admission or by judicial judgment or decree, because, ordinarily, "equity will not try titles to land." (38 How. Pr. 94.)

Not so, however, as to *temporary* orders. A temporary injunction will be allowed until the *right can be adjudicated* when plaintiff makes a strong *prima facie* case. (31 Conn. 165; 9 How. [U. S.] 28; 3 Bland's Ch. 440; 3 Bush, 125.)

"A defendant is not to be permitted to defeat plaintiff's right by merely denying his title, where injury is irreparable and the case urgent." (1 Woodb. & M. 280; 1 Ga. 6; 45 N. Y. 703.)

*C. F. Hutchings*, for plaintiff in error, in reply:

Opposing counsel says that "this is not a case of statutory verification; it is a case of a witness testifying by affidavit." If so, then the affidavit was incompetent, and should have been excluded on Long's objection, for the following reasons: It was made and sworn to before any action was begun or service of summons had, and long before any motion for a preliminary injunction was made or notice thereof given. It relates to the facts as they existed a long time before, and not to the facts as they existed at the time the motion was made or heard. Can an affidavit made a year before an action is commenced be used as evidence on a motion in that action? If not, why can one made a month or a day before be so used? A witness can no more testify by affidavit before the action is begun than he can testify orally or by deposition before the action is commenced.

But an affidavit in the language of this petition would be incompetent any way. It consists of mere conclusions. The *fact of ownership* of land is a matter of record, and must be proved by the record. The allegations of *ownership* and of *actual possession* are conclusions, the truth of which depends upon numerous minor facts. To establish these conclusions, *the facts must be proved.*

A witness may not testify to these conclusions, either orally upon the stand, or by deposition or affidavit.

A general allegation of ownership may be a sufficient allegation of fact in a *petition.* (12 Kas. 123.) But, "every lawyer knows the difference between the statements of the facts in a petition, and the statements of the facts in an affidavit." (16 Kas. 437.)

Specific objections were made to this kind of evidence, and were overruled. I insist that *Olmstead v. Koester,* 14 Kas. 463, and *Centre Tp. v. Hunt,* 16 Kas. 437, are squarely in point. The fact that the judge exercises a discretion does not alter the case. If a temporary injunction should be granted without any proof, or upon statements of an unsworn witness, admitted over objections and exceptions, I suppose it would be no sufficient answer to a petition in error to say that the granting of a temporary injunction is largely a matter of discretion.

Opposing counsel argue the case largely outside of the record. Kasebeer must stand or fall by his petition. There is no allegation in the petition that he ever occupied the land. He is a non-resident of the state. There is no allegation that Long dispossessed him or "bulldozed" him. There is no pretense that he ever made a particle of improvement upon the land. The petition does not show who improved the land, nor does it show that Kasebeer had reduced the land to actual possession. On the contrary, this idea is excluded by the allegation that he had made arrangements to, and intended, either personally or by tenant, to occupy it *in the future.*

Much is said by opposing counsel about Long being "totally irresponsible," and "confessedly insolvent." There is nothing in the record to justify any such assertions. But mere insolvency is no ground for an injunction. In the note to 11 Am. Dec., referred to by opposing counsel, it is said: "It will be found that in most of the cases where the relief has been granted, there have been other circumstances besides the insolvency to authorize it;" (p. 505.)

In this case the defendant was not destroying or in any

manner injuring the estate.  He had peaceably taken posses-
sion of it when vacant and unoccupied, and was erecting build-
ings and making valuable improvements upon it, under claim
of title, while Kasebeer resided in a foreign state.

The opinion of the court was delivered by

HORTON, C. J.: It is objected that the verification to the
petition is wholly insufficient, and ought not to have been re-
ceived as evidence.  Section 114 of the code, and many cases,
are cited as sustaining the objection.  Neither the provision
of the code referred to, nor the decisions cited, support the
objection.  The question before us is not one of statutory
verification.  The pleading was not of the character to neces-
sarily require verification, and the affidavit an-
nexed to the petition made the petition sufficient
to be received and considered on the hearing for
the interlocutory order.  In *Atchison v. Bartholow,* 4 Kas. 124,
in the jurat annexed to the petition the affiant merely testified
on information and belief.  In this case the affiant deposed
that he was the agent of the plaintiff; that the plaintiff was
a non-resident of the state;. that he had heard the petition
read, and that the several matters therein stated were true.

1. Injunction;
   petition, as
   evidence.

It is further urged that the petition makes a case of simple
naked trespass, and does not authorize a temporary or final
order of injunction, or any other equitable relief.  The peti-
tion will not bear this construction.  It alleges that the plain-
tiff is now, and has been for years, the owner and in the actual
possession of the premises; that the same are partially in-
closed, and about fifty acres thereof broken and in cultivation ;
and then sets forth that, proceeding under some pretended
claim of right, the defendant is seeking to oust plaintiff from
the possession of the premises, and appropriate the same to
his own use and occupation.  It further alleges that the de-
fendant is irresponsible, and not able to respond in damages
for the injuries and damages apprehended.  So long as the
plaintiff is in the actual possession of the premises, the de-
fendant has no right by force to attempt to enter thereon to

oust him of such possession, or to deprive him of the use thereof, or to erect any buildings thereon. It is said that the fact that the injury is irreparable may arise either from the nature of the injury, or the want of responsibility of the person committing it, and that either will furnish sufficient grounds for interference by injunction. To exclude equitable relief, it must not only appear that there is some remedy at law, but also that it is adequate. If the defendant is irresponsible, the actions at law proposed by his counsel can scarcely be said to be adequate.

Again, the defendant has no right to erect and maintain a building on land owned and in the actual possession of plaintiff, and the erection of such building is a trespass of a character to authorize equitable relief. (*Grant v. Crow*, 47 Iowa, 632; *Sword v. Allen*, 25 Kas. 67; *Webster v. Cooke*, 23 Kas. 637; Code, § 238.)

We do not understand from the petition that the defendant has actually turned the plaintiff out of possession and taken full and absolute possession, but only that he has entered upon the land under some pretended claim of title, and that he is seeking to oust plaintiff of all possession, and to assume the management and control of the land at the time of the application for the temporary order of injunction. The injunction, *pendente lite*, does not determine the parties' rights, and as the district courts have considerable discretion in allowing or disallowing, and in sustaining or vacating temporary injunctions, we perceive no good reason in this case for reversing or vacating the order granted.

2. Temporary injunction, when granted.

The order and judgment of the district court will be affirmed.

All the Justices concurring.

MOTION FOR REHEARING.

PLAINTIFF in error filed a motion for a rehearing of the above case, which motion the court heard at its session in

July, 1882, and at its session in September, 1882, filed the opinion, *infra*.

The opinion of the court was delivered by

HORTON, C. J.: It is urged in the argument of counsel presenting this motion, that the court below acted upon illegal evidence, admitted against their objections and exceptions; and that this point was wholly ignored in the opinion rendered. It was decided as early as the case of *City of Atchison v. Bartholow*, 4 Kas. 124, that a petition properly verified may be read in evidence on an application for an injunction; and further, that the only difference between an affidavit and a deposition is, that while each is a declaration under oath, the former is made without notice and the latter upon notice. Upon the hearing of the application for the injunction, counsel representing this motion "objected to the petition and verification being received as evidence, because the verification was insufficient, and the allegations in the petition consisted of mere conclusions and statements of matters of record, which statements were secondary, and not the best evidence." (Original brief of plaintiff in error, p. 2.) In our former opinion we held the verification sufficient, and attempted to distinguish the jurat annexed to the petition from the one referred to in *Atchison v. Bartholow*, supra. We did not think the objection to the petition sufficiently specific, and therefore the omission complained of. An objection, to be available, should run to the specific testimony alone which is objectionable; and where it runs to all the testimony, some of which is competent and some incompetent, an overruling of the objection will seldom if ever be adjudged error. (*Simpson v. Kimberlin*, 12 Kas. 587; *Willis v. Sproule*, 13 Kas. 257–264; *Rheinhart v. The State*, 14 Kas. 318–323; *Cross v. National Bank*, 17 Kas. 336–338; *Railway Co. v. Cutter*, 19 Kas. 83–8; *Humphrey v. Collins*, 23 Kas. 549; *The State v. Cole*, 22 Kas. 474.) Where a general objection is made to a deposition or affidavit upon the ground that it consists of mere conclusions and statements of matters

of record, the objection is not sufficiently definite to be considered, unless the deposition be wholly incompetent. If portions of the deposition or affidavit are sufficient as testimony, such a general objection must be overruled. Where incompetent or illegal evidence is contained in a deposition or affidavit, an objection to such incompetent or illegal evidence must be specifically made. A general objection to the whole deposition or affidavit, if any competent testimony be contained therein, will not do. Now in the petition read as an affidavit upon the hearing of the injunction, all the matters stated therein are not mere conclusions and statements of matters of record. For instance, it is set forth that the plaintiff "has been and is in the actual possession of the real estate therein described; that the same is partially inclosed; and that fifty acres thereof are broken and in cultivation." These statements are not mere conclusions, nor are they statements of matters of record. Title to real estate, without reference to whether it be by deed, decree, devise, descent, equitable estoppel, prescription, limitation or otherwise, or whether it be of legal or equitable title, may be proved *prima facie* by showing actual possession. (*Gilmore v. Norton*, 10 Kas. 491.) In order to obtain an injunction, it was incumbent upon the plaintiff below to show *prima facie* title in himself to the premises described in his petition, and also that he was in the actual possession thereof. The affidavit purported to set forth testimony tending to establish these facts, and although not set forth in detail or at great length, yet these statements as set forth would not have been improper in the oral testimony of a witness as against any objection made to the whole testimony for incompetency. Again, it is stated in the petition, read as an affidavit, that the defendant (plaintiff in error) "has no interest or right whatever in or to the premises, but that he claims some interest therein adverse to plaintiff; and that he unlawfully and against the wish of plaintiff below, entered upon the premises and commenced the erection of buildings, and declares it to be his purpose, unless restrained, to take up his permanent residence on the premises

16—28 KAS.

and assume the management and control thereof." Yet none of these statements are either such mere conclusions of law or secondary statements of matters of record as to be inadmissible as testimony. In our former opinion we assumed, in the absence of anything to the contrary, that the statements of facts set forth and contained in the petition are true, and thereon decided that the order and judgment of the district court are not erroneous. We think the district court acted upon competent evidence; that legal evidence is contained in the petition; and that in granting the injunction, the district court did not grant it without evidence, or upon evidence wholly incompetent or irrelevant. The statements of fact contained in the petition referred to herein, in our opinion would to a great extent be proper in the oral testimony of a witness.

Counsel further complain that they are erroneously represented in the opinion, as having made a totally improper citation of the case of *Atchison v. Bartholow*, supra. An examination of the original brief shows that the first point made was, "that the verification of the petition was wholly insufficient, and should not have been received as evidence over plaintiff in error's objection;" and §114 of the code, together with a large number of cases, is cited sustaining the objection. A further examination of the brief, however, makes it manifest that the case of *Atchison v. Bartholow*, supra, was cited upon another proposition in the brief, and not upon the question of the verification to the petition. In this respect the opinion will be corrected, in accordance with the request of counsel.

The motion for a rehearing will be overruled.

All the Justices concurring.