THE STATE OF KANSAS v. JAKE PROBASCO *et al.*

1. CRIMINAL LAW—*Defendant as Witness.* A defendant who voluntarily becomes a witness in his own behalf is subject to the same rules as any other witness, and may be asked by the state, on cross-examination, if he had not been convicted of larceny at the previous term of the same court in which he was being tried.

2. INSTRUCTIONS—*No Exceptions.* Error cannot be predicated upon instructions given, but not excepted to at the time.

3. ———— *Objection to Evidence.* An objection to evidence, to be available, should be made and excepted to when it is introduced.

*Appeal from Cowley District Court.*

THE opinion states the case.

*W. D. Halfhill,* for appellant Handy.

Opinion by GREEN, C.: The appellant Frank Handy was convicted, with one Jake Probasco, at the September term, 1890, of the district court of Cowley county, of grand larceny,

and was sentenced to imprisonment in the penitentiary for three years.    He appeals to this court, and asks a reversal of the judgment and sentence, upon a number of grounds:

I. It is claimed that, during the cross-examination of the appellant, the State was permitted, against his objection, to ask the following question: "As a matter of fact, at the last term of this court, you were convicted of grand larceny, were you not?" which was answered: "Yes, sir; I pleaded guilty here to larceny last court;" and that this was error.    The claim of the appellant is not well founded.    This court has said, where a defendant in a criminal case takes the witness stand to testify in his own behalf, he assumes the character of a witness and is entitled to the same privileges, and subject to the same tests, and to be contradicted, discredited, or impeached, the same as any other witness.    (*The State v. Pfefferle*, 36 Kas. 90, and authorities there cited.)    As stated in the opinion, these authorities are to the effect that, for the purpose of impairing his credibility, a witness may be cross-examined as to specific facts tending to discredit him as a witness, although such facts are irrelevant and collateral to the main issue.    Under the rule thus established, there was no error in the cross-examination of the appellant.

II. Complaint is also made that the trial court erred in its charge to the jury, concerning a conspiracy between the defendants on trial and the admissions of one of the defendants.    We cannot consider this error, for the reason that no exception was taken to the giving of the instructions, or any portion of them. This court will not review instructions given by the district court to the jury, unless they are excepted to at the time. (*Comm'rs of Allen Co. v. Boyd*, 31 Kas. 765; *Gafford v. Hall*, 39 id. 166; *Mercantile Co. v. Fullam*, 43 id. 181.)    Section 219 of the criminal code provides that exceptions to any decisions of the court may be made in the same manner as provided by law in civil cases.

III. The appellant's last assignment of error is, that the court permitted the state to ask the defendant Probasco, If Handy did not have a sister upon whom he [Probasco] was waiting,

and for that reason he was attempting to shield Handy. No objection was made to the question, and no exception taken at the time. An objection, to be available, must run to the specific testimony which is objectionable. (*The State v. Cole*, 22 Kas. 474; *Long v. Kasebeer*, 28 id. 240.)

In this case, no objection was made to the question, and no exception taken at the time to the answer: hence, the error cannot be considered.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.