G. W. KIRKENDALL v. JONATHAN H. HUNT et al.

*Error from Lyon County.*

Plaintiff in error owned lands along both sides of Cottonwood creek; defendants in error owned lands lying below, and had erected a dam thereon, and thereby flowed the necessary ford of plaintiff, as to make it useless; *Held*, on demurrer to the petition, that to threaten to permanently raise the dam three feet higher, to the irreparable injury of plaintiff, affords ground for an injunction; the injury complained of not being a

Statement of the case.

mere trespass, but one going to the permanent and material injury of
plaintiff, liable to be perpetual, growing into a right by lapse of time.
*Story Eq.*, §927; 3 *Sumner*, 199; 39 *Barb.*, 312.

No rights are acquired under the law of Feb. 6, '67, relating to the erection
of dams [L. '67, p. 159] until the builder of the dam has paid the "due
compensation," ascertained by commissioners, and taken all the precedent
steps specified in the act. The party injured cannot initiate these steps.
When the other party fails to take them, *semble* the remedy of the party
injured is not confined to that pointed out in that statute, but must be
sought for either in action for damages or injunction. Section fourteen
of that act only limits the time for bringing actions for damages, and
recognizes a pre-existing right of action.

Section sixteen merely gives one year for applying the provisions of the
act by persons having dams erected, and points out the means for right-
fully doing what was previously a wrong, but does not give the right to
use another's land without due compensation previously paid. It is no
answer to such a petition that the defendant may take the steps prescribed
within one year.

The petition in the court below sets forth substan-
tially : That the plaintiff owned the fee to the land
upon both sides of Cottonwood creek, in Lyon county;
describing the land ; that defendants are owners, and
have erected a milldam upon the piece of land, describ-
ing it, lying on said creek below the foregoing described
piece ; that, by the dam, defendants have flowed back
the waters of said creek upon said lands of plaintiff, to
the depth of three feet, and have flowed a ford upon
said land, belonging to plaintiff, and raised the waters
thereon to the same height, and made the same ex-
tremely dangerous and impassable, and have almost
entirely destroyed all access between different tracts of
plaintiff's lands, described, to the great and irreparable
damage of the said plaintiff; that the defendants are
about and threaten to raise said dam to an additional
height, to the great and irreparable injury of plaintiff;
and prays an injunction. The petition is verified by

affidavit of plaintiff, "that the matters and things set forth in the petition are true." An injunction bond was filed. A temporary injunction was granted.

To this petition, filed July 23d, 1867, each defendant, on August 31st, answered, and afterwards—October 3d, 1867—the defendants filed a joint demurrer, "that the said petition does not state facts sufficient for a cause of action." A motion to dismiss the case as to one defendant was overruled, whereupon the case was taken up on the demurrer, and the demurrer sustained. From this ruling the plaintiff below appeals.

*Ruggles & Plumb*, and *Martin, Morton & Burns*, for plaintiff in error.

*Hunt & Gillett*, for defendants in error.

For the plaintiff, it was submitted :

The suit was properly brought. *Civ. Code*, § 246 ; *Nash Pr. and Pl.*, 437.

The petition contains sufficient allegations of fact for a cause of action. *Eden on Inj.*, rule 4, *pp.* 167, 259-276 ; 39 *Barb.*, 312 ; 3 *Sumn. (Circ. Ct.)*, 189 ; *Story Eq.*, § 927 ; 2 *Johns. Ch.*, 162 ; *McConnell* v. *Spencer*, 1 *McLean (Circ. Ct.)*, — ; *Crosby* v. *Smith*, 19 *Wis.*, 449.

The injury complained of is not a mere trespass ; it goes to the destruction of the property, and constitutes a perpetual obstruction to its free use ; changes the Cottonwood river from its natural bed, without consent of the owners of adjacent lands, and, by lapse of time, would grow into a right. It is a fit cause for interference by a court of equity. 3 *Sumn.*, 189 ; 39 *Barb.*, 312 ; *Story Eq.*, § 927.

The facts alleged are admitted by the demurrer. The fact that a suit for damages might be maintained, and that an act of the legislature recognizes such actions, does not change such doctrine. At common law, suits were maintainable for damages, and at the same time injunctions were allowed, on the ground that the remedy for damages was not adequate relief, and to prevent interminable litigation. (*See cases cited.*) Our code does not change this rule.

The statute of 1867, being in derogation of the common law and rights of property, must be strictly construed. It does not, in terms, take away any existing remedy. Its scope is to give mill owners, by taking certain steps, the right to flood land—a mere personal privilege, giving no rights until the precedent steps are taken. The limitations provided in that statute do not affect plaintiff's rights. If defendants had proceeded under the law, they should have so plead in bar. If they have not so proceeded, the law is no protection. The injunction will merely prevent defendants from flowing the land without proceeding under the law.

But it does not appear when the dam was erected, nor that any statute of limitation has run. The act took effect May 27th, 1867; this suit was commenced July 23d, following. If the dam was erected after this act went into operation, defendants could defeat this action only by pleading such act, and action under it, in bar. If the dam was erected before, defendants could only defeat this action by pleading performance of the precedent steps required in such case.

*Hunt & Gillett*, for defendants in error, submitted:

The plaintiff mistook his remedy. This suit was

commenced July 23, '67. The act of the. legislature (*L.* '67, *p.* 159), approved Feb. 6, '67, went into effect May 27, '67. Section 1 gives the right of proceeding to obtain the right to erect dams.

The remedy, prayed for in the. petition is in direct conflict with that provided in this statute ; if granted, it entirely deprives. defendants of all right to proceed under the statute (2 *Story Eq.*, § 924), and makes the act a nullity as to defendants.

The remedy sought and that provided in the act, are irreconcilably inconsistent ; both cannot .stand ; one cannot be enforced without abrogating the other. In such cases the provisions of the statute. must prevail. The statute provides for two classes of cases, one where parties desire to build a dam, the other where they desire to maintain one already built. This case falls under the latter class. Section 14 of the act provides that no action for damages shall be maintained, unless brought within one year, and by section 16 all rights are forfeited by a failure to proceed within the year. This plainly gives the party the right to proceed under the law any time within the year. The court cannot, therefore, grant a perpetual injunction restraining the maintenance of the dam. This would be forever restraining us from doing what the law provides we may do.

This law confines the party injured to his remedy and relief under it, and does away with the remedy by injunction, especially during the year.

The injunction cannot be granted unless the record shows the injury "great and irreparable." The statute provides a remedy for repairing the injury. (*See* § 3.) It would be inconsistent for the court below on one day to pronounce the injury irreparable, and the

next day to appoint commissioners under the law to assess the damages. (§§ 7, 10, 14.) The remedy at law is clear; no injunction should have been granted. *Seney's Code,* 234, *note* 10 ; 6 *Abbot Dig.,* 309, *note* 1.

The petition alleges the injury to be "great and irreparable" only in alleging facts. It sets forth facts and acts of defendants, and avers that they were done "to the great and irreparable injury" of the plaintiff. The facts alleged do not show the injury to be irreparable. On the contrary, they show the complete applicability of the remedy provided by the law. The demurrer, then, does not admit that the injury is "great and irreparable." *See Wheeler's Am. Ch. Dig.,* 613, *note* 13.

The statutes of several states have so far changed the common law as to authorize a riparian proprietor to erect a mill and dam on his own land, and raise a head of water thereby for the working of the same, though by so doing it flows the land of a proprietor above. (2 *Washb. Real Prop.,* 66, *citing under note* 2 ; *Mass. Gen. Stat.,* ch. 149, §§ 1, 4 ; *R. I. Rev. St.,* ch. 88, §§ 1, 2, 3 ; *Maine Rev. St.,* ch. 92, §§ 1, 4 ; *Ang. Wat. Course,* § 482 ; *Washb. on Ease'ts,* ch. 3, § 5, *p.* 35–46.) This law of our state is similar to those of the states cited.

Washburn says : "In such cases a mode of assessing and recovery of damages by the party injured is prescribed, * * * which supersedes the common law remedy for similar injuries." 2 *Washb.,* 67, *citing note* 4 ; *Stowell* v. *Flagg,* 11 *Mass.,* 364 ; *Waddy* v. *Johnson,* 5 *Iredell,* 333 ; *Hendricks* v. *Johnson,* 2 *Porter Ala.,* 472 ; *Ang. Water Cour.,* § 484.

The allegations of the petition do not, therefore, make out a case for enjoining perpetually. The de-

murrer, then, should be sustained.  10 *Ohio S.*, 417.

*By the Court,* KINGMAN, C. J.

This was an application for an injunction to restrain the defendants, who were the defendants below, from raising their mill dam, thereby doing injury to the plaintiff.

The facts set forth in the petition are these: The plaintiff is the owner, in fee, of certain described lands lying on both sides of Cottonwood creek, in Lyon county. The defendants are owners of another tract of land lying upon the same creek, below that of plaintiff, and have erected a milldam thereon, by means of which they have flowed. back the water of said creek upon the plaintiff's land to the height of three feet, and made a ford of plaintiff's, difficult and dangerous to cross; that said ford is necessary to the plaintiff in getting from one-half of his farm to another, and that defendants are about to raise their dam three feet higher, and thus make the crossing of the ford impossible, and doing great and. irreparable injury to plaintiff.

To the petition the defendant interposed a demurrer, which was sustained, and the case brought here to review the judgment on the demurrer.

It is not denied, on the part of the defendants, that the facts set up in the petition are sufficient of themselves to authorize the granting of an injunction, but they say that the law has provided the plaintiff with another remedy, which takes the place of the injunction. This remedy is found in the "act to authorize the erection and maintenance of milldams and mills," in the laws of 1867, p. 159.

We are satisfied that the facts stated in the petition, and which are substantially stated above, are sufficient to entitle the plaintiff to the relief demanded.   The injury complained of is not a mere trespass; it goes to the permanent and very material injury of the plaintiff's right to access to all parts of his property, and prevents his enjoyment of it as his interests may require, by obstructing his passage from one part to another of his premises.

The injury is likely to be perpetual, and may grow into a right by the lapse of time.   It seems that this is a fit case for the interference by injunction.   *Story's Eq.*, § 927; 3 *Sumner*, 189; 39 *Barb.*, 312.

We are reasoning in the case as it comes to us, the demurrer admitting the statements in the petition as true, and so we consider them.

Does the law of 1867 take away the remedy?   We think not.   The object of the law is to give mill owners, and those having mill sites, the power to obtain, by certain definite steps, the right to erect mill-dams and flow land; and until they have taken such steps, they obtain no rights under the law.   The legislature has not attempted to do what it could not do, that is, allow one man to have the right to obstruct another man's use of his own premises, in the freest possible manner, without having first rendered him full compensation therefor.   This would be the law were it not so expressly provided, but the legislative mind clearly perceived this truth, for they provided that the amount of damages found due by the commissioners should be first paid, and such payment "shall stop the parties receiving it from all further proceedings or claim in the premises." (§ 9). It is such payment alone that stops proceedings, not the possibility that the mill owner

may at some future time take steps, and pay such damages as may be assessed. Even after payment, the mill owner has no right to proceed, if the owner of the land shall take an appeal, until such mill owner has given bond, with approved security, to pay such judgment as the court may render in the premises.

The law of 1867 gives no right to any person, save those intending to erect a milldam, or those having one already erected, nor does it profess to give any other person any remedy for injuries to his property. It provides the steps by which a milldam may be erected, and the lands of other parties flowed, but none of these steps can be initiated by the party injured.

His remedy is left untarnished, and is to be found in other statutes. Those remedies are either by suit for damages, or by an order restraining the proposed injuries, as each case may demand, and, in some cases, both remedies may be resorted to with propriety. But neither of these remedies are provided for in this act. They existed before, and the fourteenth section of this act only prescribes a limitation as to the time within which an action for damages must be brought. It does not purport to give that right, but recognizes its previous existence.

The sixteenth section gives one year to those already having dams erected, in which to avail themselves of its provisions; but it does not give, nor was it in the power of the legislature to give any one the right to use another party's land for one year, or one moment, without previously paying therefor.

If the dam was already erected, and flowed the water back so as to materially and permanently injure the land of another, the owner thereof was liable for damages for every day it so remained, and that liability

would continue as long as the injury remained. Section 16 only points out the means whereby the owner may rightfully do what he was previously doing wrongfully, and it gives him one year to take those steps; until he has done so, the act is no protection to him.

If the defendants desired to raise this dam, the law pointed out how they might rightfully do so, and having taken those means, they would be a good and valid answer to such petition as is filed in this case. It is no answer to say they may do so in one year. They are under no obligation to do so, and at the expiration of the year, may abandon the dam, and leave the plaintiff to the dread uncertainties of a law suit to get his rights. The law is a liberal one, and probably wise in its provisions.

If we could find, in the language of the law, a justification for the interpretation claimed by the defendants, it would destroy the law, for it is beyond the power of the law to appropriate the property of one man to the use of another; but the law bears no such construction. It gives, in the sixteenth section, these defendants the power to do rightly what they are now doing wrongfully, and it gives them that power for one year only; but until they exercise that power they get no rights under the law. The plaintiff says, "I want my pay now." To this defendants reply, "We may pay you in a year, in a certain way, if it suits us; we have that right under the law." The law is not open to any such charge. It is liberal, but it is not absurd.

The judgment sustaining the demurrer is reversed, and the cause sent back for further proceedings.

All the justices concurring.