**Mo. Riv., Ft. Scott & Gulf R. R. Co. v. C. S. Wheaton.**

1. ACTION—ILLEGAL TAXES.  A person against whom no illegal tax has been assessed or levied cannot, by injunction, restrain the collection of an illegal tax against another person.

2. INJUNCTION—*When it will not lie.*  Injunction will not lie to restrain the commission of a pure, simple and naked trespass.  If an officer holding a warrant for the collection of taxes assessed against A, levy said warrant on the property of B, the latter has his remedy by action of replevin against the officer, or by action for damages.

*Error from Bourbon District Court.*

THE *Missouri River, Fort Scott & Gulf Railroad Company* as plaintiffs commenced an action in the district court of Bourbon county to restrain the defendant, *C. S. Wheaton,* who is sheriff of said county, from collecting certain taxes claimed to be illegal.  A motion was made in said case before the judge of said court, at chambers, for a temporary injunction to restrain the collection of

said taxes until the case could be finally heard in court.
The judge overruled said motion, and this ruling the
plaintiffs assign for error.

The taxes were assessed against or in the name of the
"Western Union Telegraph Company," and not against
the plaintiff; and the warrant held by the sheriff run
against the *Telegraph* Company, and not against the *Rail-
road* Company. The property assessed belonged to the
*Railroad* Company; and they claimed that the assessment
was illegal, alleging the same objection as in the preced-
ing case against *Morris*, (ante, p. 210,) the assessment
being made at the same time and by the same board of
assessors.

*Pratt & Blair*, for plaintiff in error.

*Voss & French*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The petition below, and the evidence
used on the hearing of the motion for a temporary injunc-
tion show, or tend to show, that the taxing officers of
Bourbon county assessed a tax against the "Western
Union Telegraph Company," on a certain telegraph line
running through said county, which did not in fact be-
long to the said Telegraph Company, but did belong to
the plaintiffs; that a warrant was issued by the treasurer
of said county against the goods and chattels of the said
Telegraph Company, and that the said defendant, as
sheriff of said county, threatened to levy the said war-
rant on the said telegraph line of the said plaintiffs.

Two questions arise in this case : *First*, Can the *Mo.
River, Ft. Scott & Gulf R. R. Co.* maintain an action to

Gulf Railroad Co. v. Wheaton.

1. ACTION; who cannot maintain. restrain the collection of an illegal tax assessed against the " Western Union Telegraph Co.?" Or in other words, can A, against whom no illegal tax has been assessed, maintain an action against the officers of Bourbon county because they have assessed an illegal tax against B ?   We answer this question in the *negative ;* and without any comment, proceed to the next question. *Second :* Will an injunction be granted to restrain an officer from levying a tax warrant on the plaintiffs' property when the said warrant does not purport to give to the said officer any authority or color of authority to make such levy ?   Or, in other words, will injunction lie to restrain the commission of a pure, naked, and simple trespass ?   We must also answer this question in the *negative.*   The said warrant was not against the Railroad Company, nor against their property, nor against any specific property belonging to any one; but it was simply against the " Western Union Telegraph Company," and against the goods and chattels of said Telegraph Company only.   Under the warrant the sheriff had the right to levy on any goods and chattels of the said Telegraph Company, but on no other property, nor on the property of any other person, company, or corporation.   If the sheriff should levy on the property of the railroad company, the railroad company would of course have a cause of action against the sheriff in replevin or for damages, in the nature of an action of trover, or of trespass *de bonis asportatis ;* but they cannot have an injunction to restrain the anticipated trespass.   We are not aware that any pure, simple and naked trespass has ever been restrained by injunction.

2. INJUNCTION; when it will not lie.

The order and judgment of the court below must therefore be affirmed.

All the Justices concurring.