## Constat Poirier v. Lucas Fetter.

Injunction; *Opening Highway.* An injunction will lie at the instance of a land-owner to restrain a public officer from tearing down fences, and attempting to open a highway through the plaintiff's premises, where no legal highway has been established; and the solvency of such officer is no defense to the action.

*Error from Doniphan District Court.*

Injunction, brought by *Fetter*, against *Poirier*, trustee of Washington township. *Fetter* alleged that he was the owner in fee simple of a certain quarter-section of land lying in Washington township, and alleged that *Poirier*, as trustee of

said township, "on the 7th of March 1877, unlawfully entered upon said premises of plaintiff, and threatened and attempted to throw down the fences of the plaintiff for the purpose of laying out and opening a public highway along and near to the south side of the lands of the plaintiff, and leave thereby the said premises open and uninclosed; that said lands are under cultivation; that the throwing down of said fences, and leaving said lands open and uninclosed, and the appropriation of said portion of said lands for the purposes of a public highway, would work great and irreparable injury to the plaintiff; that defendant still threatens to pull down and throw open said fences, and appropriate said portion of said land for the purposes of a public highway; that no highway now exists or ever did exist in said portion of said described land, and that said acts of said defendant if permitted to be performed, would be wholly illegal, and would work great and irreparable damage to the plaintiff, and that the plaintiff has no adequate remedy at law." The petition was sworn to. A temporary injunction was granted, which was afterward, at the March Term 1877 of the district court, made perpetual. *Poirier* brings the case here on error.

*F. K. Armstrong*, for plaintiff in error:

A mere trespass cannot be restrained by injunction: 7 Johns. Ch. 315; 6 Ohio, 166; 7 Kansas, 232. It is not to be presumed that the trespasser is without property and unable to respond in damages. This must be shown: 6 Ohio, 168; 20 Mo. 79. In a petition for an injunction, a general averment that threatened damages are irreparable, is insufficient. It must be shown in what they will be irreparable: 59 Mo. 99; 41 Mo. 480; 49 Mo. 410.

*Price & Heatley*, for defendant in error:

We do not dispute the proposition, that an injunction will not lie to restrain a naked trespass; but where that trespass, if permitted to continue and remain, will ripen into an ease-

ment, then injunction is the proper remedy: Willards Eq. Juris. 381, 382; 12 Ohio St. 642; 17 Ohio, 340; 11 Ohio St. 678 to 680; 1 Ohio St. 563. The trespass which we complain of, if permitted to continue, would ripen into an easement, or it would involve a multiplicity of suits against every man who attempted to travel the highway which the plaintiff in error attempted to open. In either case, whether to prevent a multiplicity of suits, or to prevent the public from obtaining an easement upon the land of defendant in error, injunction is the proper remedy. Plaintiff in error attempted to establish a public highway upon the land of defendant in error without any color or authority of law; and of course that establishment of a permanent highway, if permitted to continue, would ripen into an easement. Such an injury is *irreparable*, and the bare statement of the proposition of itself shows in what respect the injury will be irreparable.

The opinion of the court was delivered by

BREWER, J.: Action of injunction, to restrain defendant, as a public officer, from tearing down fences for the purpose of opening a public highway through plaintiff's land, where in fact no highway had ever been established. The petition alleges ownership by plaintiff, the non-existence of a highway, and the acts and threatened acts of the officer. The question arises on demurrer; and it is objected that the wrong is a mere trespass, that the trespasser is not alleged to be insolvent, and that a general allegation that the threatened damages are irreparable is insufficient, and that it must be shown in what respect they will be irreparable. We see no error in the ruling of the district court. A mere trespass will not be restrained; (*Gulf Railroad Co. v. Wheaton*, 7 Kas. 232;) but where the trespass, if permitted to continue, will ripen into an easement, there injunction will lie; *Kirkendall v. Hunt*, 4 Kas. 521. As is said in Willard's Equity Juris., p. 381, "While for a mere naked trespass, when the remedy at law is full and adequate, equity will not interpose,

yet for the purpose of quieting a possession, or preventing a multiplicity of actions, or where the value of the inheritance is in jeopardy, or irreparable mischief is threatened in relation either to mines, quarries, or woodlands, the court will interfere by injunction, even against a person acting under a claim of right."

Here the act sought to be enjoined is not a mere naked trespass. It disturbs the plaintiff's possession, and will, if permitted to continue, ripen into an easement. User will establish a highway, and the officer is attempting to create the user. The law will protect a land-owner in his possession against any unauthorized interference therewith. See as cases in point, among a multitude, *McArthur v. Kelley*, 5 Ohio, 139; *Morehead v. L. M. Rld. Co.*, 17 Ohio, 340; *Anderson v. Comm'rs Hamilton Co.*, 12 Ohio St. 642; *Bohlman v. G. B. & C. Rld. Co.*, 30 Wis. 105; *Deidrichs v. N. & C. Rld. Co.*, 33 Wis. 219; *Weigel v. Walsh*, 45 Mo. 560; *Carpenter v. Grisham*, 59 Mo. 247. The threatened loss of his land, is the irreparable injury, and it matters not how solvent he may be who seeks to take it or to transfer it to the public use, the courts will protect the possession of the owner.

The judgment will be affirmed.

All the Justices concurring.