## J. E. HARDEN v. FRANK METZ.

### No. 418.*   (58 Pac. 281.)

1. STREETS AND HIGHWAYS — *Dedication — Fee.* "Where a proprietor laying off any city or town, or an addition to any city or town, under the provisions of chapter 78, Compiled Laws of 1879, makes out a map or plat thereof, and reserves for public uses streets and alleys, and acknowledges, certifies, files and records the same with the register of deeds of the county in which such city or town or addition is situate, the fee of the streets and alleys dedicated to public use vests absolutely in the county in which such real estate lies, and the county forever after holds the property for such use." (*Wood v. National Water-works,* 33 Kan. 590, 7 Pac. 233.)

2. ——— *Injunction — Title to Land.* The plaintiff's claim of title to a street dedicated in the manner stated in the foregoing paragraph being without legal support, he was not entitled to an injunction to restrain the defendant from opening and using such street; since, to warrant the interference of equity in the restraint of trespass, the complainant's title to the premises must be established.

Error from Montgomery district court; A. H. SKIDMORE, judge. Opinion filed September 19, 1899. Affirmed.

*Ergenbright & Banks,* for plaintiff in error.

No brief for defendant in error.

The opinion of the court was delivered by

MILTON, J.: In July, 1887, the plaintiff in error and one Henry Foster were the owners of certain real estate in Montgomery county, and, together with one N. H. Duncan, who owned an adjacent tract, platted a portion of such lands as a town site, under the name of Larimer, and duly and formally acknowledged the execution of such plat and caused the same to be duly

*Affirmed by supreme court February 9, 1901. See 62 Kan. 867, 63 Pac. 1126.—REP.

recorded in the office of the register of deeds.   On the plat was a written statement to the effect that the streets and alleys indicated thereon were "dedicated" to public use.   Larimer became and remained a railway station, and there are a few houses on the town site.   At the time of the filing of the plat and for more than seven years thereafter practically all of the streets and alleys set forth on the plat, except Railroad street, remained unopened, the land being in fact in the uninterrupted and exclusive possession of the plaintiff in error and of those who held an interest therein as successors to the title and interest of Foster.

The defendant in error, having become owner of the Foster interest in the town-site land, on April 19, 1895, conveyed a portion of the property covered by the plat to the plaintiff in error, and as a part of the same transaction the plaintiff in error conveyed to the defendant in error all of his right, title and interest in a different portion of the platted land.   In each of the said conveyances the lands were described as subdivisions of sections, and no reference was made therein to blocks, lots, streets, or alleys.   Prior to purchasing an interest in the property the defendant in error had inspected the same and was aware of its status.   After purchasing the land Metz entered into possession of that portion conveyed to him by Harden and erected a residence thereon and also built a mill for grinding "chop feed."   Thereafter Metz opened a way north from his mill along the line of "Baltimore street," as platted, and proceeded to cut down and remove hedge and wire fences which extended across such street, acting without the consent and over the objections of Harden.   Thereupon Metz proceeded to travel along the way so opened and to induce others to do so.   This action was brought to

perpetually enjoin Metz from further trespassing upon said land. The petition alleged that the plaintiff was the owner and in possession of certain real estate, describing the same, and that he had a fee-simple estate therein; that the land was fenced and in cultivation; that the defendant had trespassed thereon, and would continue so to do, unless restrained by the court, to the great and irreparable damage of the plaintiff; that the defendant was insolvent, so that an action for damages would be an inadequate remedy; that the plaintiff had applied to the county attorney for the arrest of the defendant for malicious trespass, and that such officer had refused to bring the action. The answer was a general denial.

The plaintiff proved possession in himself of the land enclosed by the fences which the defendant had destroyed along the line of the alleged street, which extended north from the mill through a part of the defendant's land and a portion of the plaintiff's land to a county road running east and west along the north line of the town site. It was not shown that the defendant was insolvent. A jury was impaneled to make certain findings of fact. The judgment of the court was in favor of the defendant below for costs.

The defendant in error has filed no brief, which omission has caused much additional labor on the part of the court. The plaintiff in error contends as follows:

1. That the dedication of "Baltimore street" was never completed.

2. If the court holds that the recording of the plat made such street a public way, with the fee thereof vested in Montgomery county, under the provisions of section 7, chapter 78, General Statutes of 1868 (Gen.

Stat. 1897, ch. 135, § 7 ; Gen. Stat. 1899, § 4180), such way would be nothing more than a county road, which, if unopened for a period of seven years, would be vacated by non-user, as provided by paragraph 5516, General Statutes of 1889 (Gen. Stat. 1897, ch. 154, § 42 ; Gen. Stat. 1899, § 5878).

3. That the defendant in error is estopped by his deed to plaintiff in error from denying that at the time of the conveyance he had title to the strip of land called "Baltimore street" on the plat.

Section 7, *supra*, provides in substance that the filing and recording of a duly certified plat of a town site vests the fee of the streets designated on such plat in the county in which the land so platted lies. In *Wood v. National Water-works*, 33 Kan. 590, 7 Pac. 233, a part of the syllabus reads :

"Where a proprietor laying off any city or town, or an addition to any city or town, under the provisions of chapter 78, Compiled Laws of 1879, makes out a map or plat thereof, and reserves for public uses streets and alleys, and acknowledges, certifies, files and records the same with the register of deeds of the county in which such city or town or addition is situate, the fee of the streets and alleys dedicated to public use vests absolutely in the county in which such real estate lies, and the county forever after holds the property for such use."

In *Giffen v. The City of Olathe*, 44 Kan. 342, 24 Pac. 470, in the second paragraph of the syllabus it is said :

"Where land in a city was dedicated to public use for streets and alleys, but certain portions of said streets and alleys so dedicated were not used or needed by the public for more than fifteen years, *held*, that the authorities of said city might order said streets and alleys opened, and all persons occupying any portion of the same will be presumed to hold them subject to the paramount right of the public."

In view of the foregoing, the first contention must be overruled. The second contention appears unsubstantial. The statute provides a certain method by which a county road may be established by the board of county commissioners. The provisions of the law respecting the platting of land as a town site provide a wholly different means by which streets may be created, namely, by the filing and recording of a plat. Section 5516, *supra*, specifically relates to county roads laid out as such by the county authorities. We think it must be held in the present case that the fee of the land in the streets designated by the plat remained in the county, notwithstanding non-user of such streets by the public and adverse possession thereof by the plaintiff in error.

In considering the third contention, namely, that the defendant is estopped to defend against the plaintiff's action, it becomes important to inquire what is the status of the plaintiff himself. The action is to enjoin threatened trespasses, where such trespasses may result in the creation of an easement across the land claimed by the plaintiff. It is therefore incumbent upon the plaintiff to allege and prove title in himself to the premises affected.

"To warrant the interference of equity in the restraint of trespass, two conditions must coexist: First, complainant's title must be established; and second, the injury complained of must be irreparable in its nature." High, Inj. (3d ed.) § 703.

In *Poirier v. Fetter*, 20 Kan. 47, it is said: "A mere trespass will not be restrained (*Gulf Railway Co. v. Wheaton*, 7 Kan. 232) ; but where the trespass, if permitted to continue, will ripen into an easement, there injunction will lie. (*Kirkendall v. Hunt*, 4 Kan. 521.)" The plaintiff, not being the owner of the land

designated on the plat as a street, is not threatened with anything but the loss of possession, to which he is not legally entitled. He is not in a position, therefore, to be entitled to the aid of a court of equity as against the defendant; and not being entitled to the injunction which he sought in this action, the question of estoppel as against the defendant's right to defend lies beyond the limits of this controversy.

The judgment of the district court will be affirmed.