PETER HANSELMAN v. FRANK BORN *et al.*
No. 14,165.   (81 Pac. 192.)

J. M. HARDMAN v. FRANK BORN *et al.*
No. 14,166.   (81 Pac. 192.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Act Construed.*  Chapter 215 of the Laws of 1887 declared all section-lines in certain counties public highways, but it did not declare them open for travel.

2. ——— *Duty of Road-overseers.*  Upon the taking effect of the act it was the duty of the road-overseers in their respective districts in those counties to open roads on the section-lines in the manner provided by section 6027 of the General Statutes of 1901.

3 ——— *Graham County.*  Chapter 188 of the Laws of 1889 repealed the act of 1887 as to Graham county, thereby vacating all section-line roads not previously opened under it.

Error from Graham district court; CHARLES W. SMITH, judge. Opinion filed June 10, 1905. Reversed.

*G. W. Jones,* and *F. D. Turck,* for plaintiffs in error.

*H. J. Harwi,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.:  Plaintiffs brought these suits in the district court of Graham county to restrain the defendants from removing their fences and opening a

public road on the line between sections 27 and 34. It appears that when the suits were begun Peter Hanselman was the owner of the north half of section 34 and Hardman was the owner of the southeast quarter of section 27, and on the line between these sections there was a fence. Frank Born was trustee of the township and J. Swain road-overseer of the district in which the lands are situated, and as such officers they went upon the premises of plaintiffs and removed the fences for the purpose of opening a public highway on the section-line. Plaintiffs rebuilt the fences and defendants again removed them. Each of the plaintiffs then brought suit to enjoin the defendants from thereafter repeating such trespass. A temporary injunction was granted, which was afterward set aside. Finally the cause was tried and a judgment rendered for defendants. Plaintiffs prosecute error.

As the two cases involve the same facts, they were argued together and it was agreed that but one opinion should be delivered.

The defendants in error contend that this section-line was opened for a public highway by chapter 215 of the Laws of 1887; and, also, that it has become a public highway by prescription. The lands in question were either owned or occupied by persons who were in good faith attempting to acquire title when the act of 1887 was passed.

The defendants in error ask that the proceedings be dismissed for the following reasons: (1) That a suit of injunction will not lie; (2) that the board of county commissioners was not made a party; (3) that after the restraining order was set aside and before the final trial the defendants in error removed the fence and thereby opened the section-line to the public for a highway, leaving no question for determination. The motion must be denied. One of the most common, as well as the most useful, purposes of the equitable remedy of injunction is the prevention of a continuing

trespass where there is no adequate remedy by way of damages. (*Webster v. Cooke*, 23 Kan. 637; *Walker v. Armstrong*, 2 id. 198; *Oliphant v. Comm'rs of Atchison Co.*, 18 id. 386; *Poirier v. Fetter*, 20 id. 47.)

These suits were to restrain the defendants from continuing to trespass upon the real estate of the plaintiffs. The county had no interest in the result of the litigation; therefore, the board of county commissioners was not a necessary party. The plaintiffs' property cannot be appropriated to the use of the public except by due form of law. The removal of the fences of plaintiffs in error by defendants in error pending the litigation did not settle the lawsuits in favor of either, or determine any question involved in the litigation.

The court made special findings of fact of which the following are material to a disposition of this controversy:

"No work appears to have been done along the section-line between 27 and 34 under the direction of any road-overseer. . . .

"No notice of the opening of a highway along the line between these sections was ever given either of these plaintiffs by any road-overseer until a short time before the beginning of these suits, when the defendant Born, township trustee, on or about March —, 1903, notified them that that line was a public road, and must be opened by them. He at the time told them that if they did not open such line for highway purposes he himself would do so by removing the fences crossing the same. . . .

"The board of county commissioners of this county never made an order establishing a highway nor opening a highway on said section-line in dispute in these actions."

The court also made the following conclusions of law:

"(1) That the act of 1887 established a highway along said section-line.

"(2) That the repeal of section 1 of said act, by the

act of 1889, did not affect said section-line as a highway, nor in any manner vacate it as such.

"(3) That said section-line was opened as a highway, being traveled as such by the public, and by being recognized as a highway by the owners of the land lying along said section-line.

"(4) That the plaintiffs are not entitled to the injunctions prayed for."

It does not appear that the court found that a road had been established upon the section-line by prescription; and, indeed, from the facts such conclusion would be impossible.

The question then is, Did chapter 215 of the Laws of 1887, without any additional steps having been taken by the board of county commissioners, open a highway on this section-line? The provisions of the act pertinent to this question are sections 1 and 3, as follow:

"SECTION 1. That all section-lines in the counties of Graham, Rawlins, Ness, Lane, Stafford, Decatur, Thomas, Sherman, and Trego, in the state of Kansas, be and the same are hereby declared to be public highways, and to be of the width of sixty feet."

"SEC. 3. If any person owning land on either side of such section-lines as herein declared public highways shall feel aggrieved by reason of the enforcement of this act in declaring section-lines public highways, such person shall have the right to present his claim for damages for land appropriated for road purposes under the provisions of this act to the county commissioners of the proper county as is provided in the present general road law now in force in this state, at any time within one year from the time such road is actually opened to the public use over and upon his land."

The act declared every section-line in Graham county a public highway, but it did not have the effect of opening the same. (*Hughes v. Milligan*, 42 Kan. 396, 22 Pac. 313.)

The language used in section 3, "if any person owning land on either side of such section-lines as herein declared public highways shall feel aggrieved by rea-

son of the enforcement of this act," indicates that the legislature contemplated that some action on the part of the authorized local authorities was necessary to open the road.  By reading that language with the further provision that "such person shall have the right to present his claim for damages for land appropriated for road purposes under the provisions of this act to the county commissioners of the proper county as is provided in the present general road law now in force in this state, at any time within one year from the time such road is actually opened to the public use over and upon his land," it becomes clear that the act did not actually appropriate any land for public highways, nor open public highways on such lines, but left the act of opening them to be performed by the persons designated by statute; therefore, provision was made that the owner might present his claim to the board of county commissioners for damages for lands so appropriated at any time within one year after the road should have been actually opened.

Upon the taking effect of the act of 1887 it was the duty of the road-overseers in their respective districts in the counties named to give the notice required by section 6027 of the General Statutes of 1901 and proceed to open such roads, unless the board of county commissioners had theretofore vacated the same under the authority conferred upon them by section 2 of the act.    (*The State, ex rel., v. Spencer,* 53 Kan. 655, 37 Pac. 174.)    It appears from the findings that no steps were taken by the road-overseer to open the highway along the section-line in question until his attempt in March, 1903.

The act of 1887, as to Graham county, was repealed by chapter 188 of the Laws of 1889, the effect of which was to vacate all section-line roads in that county not theretofore opened by the overseer as herein indicated. Therefore, the act of defendants in attempting to open

37—71 KAN.

the road in question was unauthorized. They were mere trespassers, and the plaintiffs were entitled to injunctions.

The judgment in each case is reversed and the cause remanded.

All the Justices concurring.