THE CITY OF CHENEY *et al.* V. ED. ANDERSON.
No. 14,403.   (84 Pac. 137.)

PRACTICE, SUPREME COURT — *Removal of an Obstruction of a Street—Injunction—Verdict and Evidence.* Defendant asserted that a certain elevator obstructed a street. Plaintiff brought this suit to enjoin defendant from removing the elevator, claiming that it was situated upon a right of way not crossed by the street. The evidence showed that the owner of all the land executed a deed of the right of way, with covenants of warranty, on the day the plat was recorded, and the plat indicated that the streets were not intended to cross the right of way. A judgment for plaintiff, based upon a finding that the city had no rights on the right of way, was affirmed.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed January 6, 1906. Affirmed.

*I. P. Campbell & Son,* for plaintiffs in error.

*James Conly,* and *Houston & Brooks,* for defendant in error.

*Per Curiam:* The plaintiffs in error were permanently enjoined from tearing down a grain elevator owned by the defendant in error, and they ask this court to dissolve the injunction. The facts are: The city of Cheney lies on each side of the Atchison, Topeka & Santa Fe railway right of way. The right of

way is 300 feet wide. The railway company permitted the defendant in error to build the elevator in question near its depot, on the right of way. The city claims that the elevator has been erected so as to occupy and obstruct Marshall street where it crosses the right of way. The defendant in error insists that no streets were ever located on the right of way, and that none now exists there.

The elevator was constructed, and the officers of the city attempted to remove it as a nuisance, and would have done so if they had not been prevented by the injunction. The city claims that streets were located over and upon the right of way by the plat of the city, and, if not, that they have been established by user.

E. S. Wilder, who owned all the land, conveyed the right of way to the railway company by deed, with full covenants of warranty, describing the land by metes and bounds. This deed was executed and acknowledged September 20, 1883. It was recorded September 21, 1883, at 1:20 P. M. The plat of the city of Cheney was recorded September 20, 1883, at 4 o'clock P. M.

There is no direct evidence as to when the deed was delivered. The presumption is that it was delivered when executed, but even when so aided the delivery does not appear to have been before the plat was recorded. It is conceded that deeds become effective when delivered, and plats when recorded. In view of this discrepancy as to time, the city insists that the plat was filed first and the deed became subject thereto.

The trial court made findings of fact and conclusions of law separately. No specific finding was made as to which of these papers had precedence. There was a general finding, however, that the city had no rights on the right of way, and that no streets had ever been located thereon.

This conclusion may have been based upon the fact that the deed was delivered before the plat was recorded, or upon the fact that the plat showed on its face that the streets were not intended to cross the

right of way, either of which is justified by the evidence. It is not reasonable that the grantor would deliver a deed with full covenants of warranty to land upon which he had immediately before placed an encumbrance. It would seem probable, therefore, that when the deed was delivered the right of way was capable of being transferred free and clear of encumbrance of any kind.

The plat indicates that the streets were not intended to extend over the right of way; they are all closed at its boundary-line. The certificate thereon states that the length of streets and size of blocks and lots are as shown on the plat. There is nothing on the plat to indicate the length of the streets except the lines that close them at the boundary of the right of way.

The conclusion of the court cannot, therefore, be deemed erroneous. As to dedication by user, that is a fact depending upon the evidence of witnesses, and the finding of the court thereon cannot be questioned here.

The judgment is affirmed.