Council Grove Township v. Bowman.

COUNCIL GROVE TOWNSHIP *et al.* v. MARTHA J. BOWMAN *et al.*

No. 15,078.   (92 Pac. 550.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Establishment—Prima Facie Proof.* When a road is laid out upon a township line, and is fenced, improved and used for many years, with reference to the supposed location of such line such actual location will be pre-

sumed to be correct until the contrary is shown, and proof of such facts is sufficient, *prima facie*, to show the existence of a highway along the route so fenced, used and improved.

2. ——— *Obstruction by Adjoining Landowners—Injunction.* The obstruction of a public road by erecting a wire fence along or near the center thereof for a considerable distance, by the owners of adjoining lands, who seek thereby permanently to appropriate a part of the highway, may be prevented by injunction, when such owners threaten and are about to build such fence.

Error from Morris district court; OSCAR L. MOORE, judge. Opinion filed November 9, 1907. Reversed.

*George P. Morehouse,* and *Clarence A. Crowley,* for plaintiffs in error.

*John Maloy,* and *Nicholson & Pirtle,* for defendants in error.

The opinion of the court was delivered by

BENSON, J.: This was a suit by Council Grove township and Four Mile township, in Morris county, to restrain Martha J. Bowman and S. A. Bowman from obstructing a public highway on the line between these townships. A temporary injunction was allowed at the commencement of the suit, but on the trial a demurrer to the evidence was sustained, the temporary injunction dissolved, and judgment for costs entered against the plaintiffs. The plaintiff townships allege error in these rulings.

The petition alleged the existence of the road, and that the defendants threatened and were about to obstruct it by erecting a barbed-wire fence along or near the center thereof. The evidence tended to prove the following facts: The road was laid out in 1879, and was immediately opened and has ever since been used as a public highway. Culverts have been built, and the road graded and substantially improved. Soon after it was established, and more than fifteen years before the suit was commenced, the road was fenced and im-

provements were made thereon. The route was never surveyed, but the other proceedings to establish a road appear to have been taken. No controversy or question appears to have arisen concerning its location until shortly before this suit was commenced, when the defendants, who own a farm adjoining the township line where this road is located, caused a survey to be made of their lands, and pins, or stakes, were driven and stones set indicating the north boundary of their land—at one end thereof about twenty feet north of the center of the road, and at the other end about twelve feet north of such center. While this survey was being made the trustee of one of the townships and one of the defendants, Mr. Bowman, had a conversation about it, when Mr. Bowman said that he thought the road was occupying a part of his land, and that he wanted the township to make some settlement; he also stated that he "was going to fence down to the road according to that survey there." The stones were already set, except one, where a peg was down for the purpose of putting a stone in its place. Just before the conversation ended Mr. Bowman said to the trustee: "So if you fellows don't do something I intend to run my fence right down the middle of this road right away." The other trustee went to the place, saw the survey in progress, and found rock for the foundation of the iron posts along the road. The defendants' land extends for half a mile along the south line of the township.

The evidence further showed that the road was laid out and worked on the township line, twenty feet on each side of that line. No notice of the proposed survey had been given to the townships. Whether the survey was being made under the statute, or was merely private or *ex parte*, the evidence does not disclose. The evidence also shows that soon after the suit was commenced a fence-post was set twelve feet in the road on the east line of Mr. Bowman's land, and his east boundary fence was connected with it, making a

continuous fence to a point twelve feet in the road, as it had been used, improved and fenced.

It is manifest that a fence built along or near the center of such a road, worked and improved as country roads usually are, would be a serious obstruction to travel. It is also manifest from the positive declarations of Mr. Bowman, above quoted, which the record shows were repeated to others, coupled with the presence of the materials, and preparations therefor, that the defendants intended to build such a fence and permanently to occupy nearly half of what is *prima facie*, at least, a public road. It is true that an accurate survey and proper proof might show that the true route is north of where the road has been fenced and used, but when the plaintiffs rested there was no proof to that effect, and the evidence certainly was sufficient to make a *prima facie* case that the road as opened and used was on the township line. Thus Mr. Crippen, trustee of Council Grove township, testified: "The road is laid out and worked on the township line, twenty feet each side of the line." The evidence tended to show that the road had been worked for twenty years, and fenced on both sides for eighteen years.

The defendants argue that the threatened obstruction would only be a naked trespass, and that injunction is not the proper remedy, citing *Gulf Railroad Co. v. Wheaton*, 7 Kan. 232. The testimony tended to prove more than a mere intention to commit a trespass. There are many torts in respect to which the legal remedy is inadequate. Among the wrongs which equity will prevent are the interference with, or disturbance of, easements, where the act complained of is continuous in its nature and would result in the destruction of the easement.

"In fact, every disturbance of an easement or servitude, existing or threatened, will be thus restrained, whenever from the essential nature of the injury, or from its continuous character, the legal remedy is inadequate." (Pom. Eq. Jur. § 1351.)

An injunction will be allowed to restrain a public officer from removing fences and attempting to open a public highway through the premises of an owner where no legal highway has been established. (*Poirier v. Fetter*, 20 Kan. 47; *Hanselman v. Born*, 71 Kan. 573, 81 Pac. 192.)   If the trustee, as in the cases cited, may be restrained from opening a highway at the suit of the landowner, the landowner may be restrained from obstructing a highway.

In a case involving the right to use a party wall, where such right was denied by the party in possession, this court said:

"The plaintiff for the time being was in the peaceful occupancy of the building, claiming such occupancy to be rightful.   If the defendants desired to challenge that right it was incumbent upon them to assume the burden of instituting some legal proceeding to that end.   They could not by forcibly seizing the debatable ground deprive the plaintiff of the advantage his possession gave him and compel him to become the moving party in an action to determine the true boundary of his lot." (*Mathis v. Strunk*, 73 Kan. 595, 597, 85 Pac. 590.)

An injunction to prevent the obstruction  and permanent occupation of a public street may be granted at the suit of the proper officers. (*Smith et al. v. McDowell*, 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393.)

Upon a demurrer to the evidence all the evidence which tends to prove the allegations of the petition will be considered as true.  (*Farnsworth v. Clarke*, 62 Kan. 264, 62 Pac. 655.)   As the evidence tended to show the existence and also the threatened permanent obstruction of the road, the demurrer thereto should have been overruled.

The suit was first brought in the names of the trustees.   On a demurrer to the petition an amendment was made substituting the townships as plaintiffs.   No question is made in this court as to the sufficiency or capacity of the parties.

A question of practice in this court is presented.

The petition in error was filed July 17, 1906. A motion of Council Grove township to dismiss the petition in error was filed and presented to the court when the case was submitted—October 2, 1907. The motion is upon the ground that the proceedings were not authorized by that township. The proof offered on this motion shows that both townships authorized the proceedings in error, and that no directions were given to the contrary until about September 10, 1907, when notice of such motion to dismiss was given. The case was then properly in this court, and the principal costs incurred. The motion ought not to be allowed to the prejudice of the rights of the other township to have this case reviewed in this court, and to have a new trial in the district court with proper parties. In that court such proceedings may be had as to dismissal or change of parties as may be proper under the code; and, as no substantial benefit to the moving township could be gained by its allowance, the motion is denied.

The judgment is reversed and the cause remanded for further proceedings.