No. 26,572.

W. H. SOUDER, *Appellee,* v. E. C. HICKS et al., *Appellants.*

SYLLABUS BY THE COURT.

HIGHWAYS—*Establishment—Prescription—Agreement of Parties.* In an action
to enjoin the closing of a road, various alleged errors considered and held
to be without substantial merit.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed
March 6, 1926. Affirmed.

*A. H. Skidmore, C. B. Skidmore* and *A. A. Skidmore,* all of Columbus, for
the appellants.
*Will Vandament, Charles Stephens* and *Frank E. Dresia,* all of Columbus,
for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to enjoin the closing of a road.
Plaintiff prevailed, and defendants appeal.

A stipulation between the parties recited that the Souder family
owned the land through which the road in controversy ran, and
that on February 16, 1909, deeds were exchanged between them
dividing the land (Mrs. Hicks having been a Souder); that as part
of the consideration for a division, an agreement was entered into
with reference to the road in controversy, which reads:

"This agreement made and entered into on this 15th day of February, 1909,
by and between W. H. Souder and Annie E. Souder, his wife, of Cherokee
county, Kansas, parties of the first part, and Lucy M. Hicks and E. C. Hicks,

her husband, of Cherokee county, Kansas, parties of the second part; Witnesseth, That it is hereby agreed by the parties hereto who now own land along the public road hereinafter described that the public road extending from the middle of the south line of section six (6), township thirty-three (33), range twenty-three (23), east of the 6th P. M. in Cherokee county, Kansas, along the half section line to the center of the said section six (6) shall be and remain an open public road the same width as it is now fenced off."

This contract was a part of the transaction whereby the land was divided. Plaintiff demanded it before executing the deeds making the division. It would profit nothing to detail the evidence showing the conditions during the time the road had been in use. There was testimony that it had been used as long as forty-nine or fifty years. We are of opinion that either its dedication and the use by the public, or the agreement between the parties, was sufficient to determine the controversy, and that no error was committed in granting the injunction. (See *Venard v. Cross*, 8 Kan. 248; *A. & N. Rld. Co. v. Garside*, 10 Kan. 552; *Giles v. Ortman*, 11 Kan. 59; *Cemetery Association v. Meninger*, 14 Kan. 312; *Hays v. Houke*, 45 Kan. 466, 25 Pac. 860; *Harden v. Metz*, 10 Kan. App. 341, 62 Kan. 867, 63 Pac. 1126; *McAlpine v. Railway Co.*, 68 Kan. 207, 75 Pac. 73; *City of Cheney v. Anderson*, 72 Kan. 696, 84 Pac. 137; *Kansas City v. Burke*, 92 Kan. 531, 141 Pac. 562.)

The judgment is affirmed.